## In re CONSOLIDATED BURNER SERVICE CORPORATION.

District Court, S. D. New York.
March 28, 1940.

Max Rockmore, of New York City, for bankrupt.

Feiring & Bernstein, of New York City, for trustee.

HULBERT, District Judge.

The bankrupt petitions to review an order of a Referee in Bankruptcy.

Consolidated Burner Service Corporation organized under the laws of the State of New York, for upwards of two years prior to the 10th day of September, 1939, had its principal place of business at 473 Hemlock Street, Brooklyn, New York, in the Eastern District. On that date it removed to 821 So. 3rd Avenue, Mt. Vernon, New York, in this District.

On October 30th, 1939, it claims to have ceased doing business and on November 3, 1939, made an assignment for the benefit of creditors pursuant to the provisions of the Debtor and Creditor Law of the State of New York, Consol.Laws, c. 12. An involuntary petition in bankruptcy was filed on Dec. 29, 1939, in this District. A subpoena and a copy of the petition were timely served upon the president of the corporation and an order of adjudication was entered on January 15, 1940, and reference was had to Frederick W. Stelle, one of the Referees in Bankruptcy of this Court.

On February 7, 1940, a statement of affairs, verified by the president of the bankrupt, was filed in this Court. At the first meeting of creditors held on Feb. 13, 1940, the bankrupt appeared by attorney who moved to dismiss the petition upon the ground that the bankrupt did not have its place of business for the greater period of six months immediately preceding the filing of the involuntary petition in bankruptcy in this District.

Section 2, sub. a(1), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(1), provides in part: "Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction * * *."

By Section 1, subdivision 23, 11 U.S.C.A. § 1, subd. 23, the word "Persons" shall include corporations.

■ The bankrupt was domiciled in this District from Sept. 10 to December 29, 1939. In re Denton & Haskins Music Pub. Co., Inc., D.C., 10 F.Supp. 802. That period constitutes the greater part of six months preceding the filing of the petition.

■ The motion to challenge the jurisdiction should have been addressed to the Court and not to the Referee but the matter is here now. I view the question involved as one of venue rather than jurisdiction. In re Mason, D.C.N.C., 99 F. 256, followed with approval in In re Clisdell, D.C.N.D.N.Y., 101 F. 246. The petition is denied and the order affirmed.