**SINGLETON v. CLEMMER, Director of Department of Corrections of District of Columbia.**

**No. 9579.**

United States Court of Appeals, District of Columbia.

Argued Jan. 15, 1948.

Decided March 1, 1948.

Mr. Bernard Margolius, of Washington, D. C. (appointed by this court), for appellant.

Mr. John D. Lane, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Oliver O. Dibble, Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellee. Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant was indicted in 1944 in the Eastern District of Louisiana for violating the National Stolen Property Act, 18 U.S. C.A. § 413 et seq. Having been arrested in the District of Columbia and having received a copy of the Louisiana indictment, he stated in writing that he wished to plead nolo contendere, to waive trial in the district in which the indictment was pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district, all as permitted by Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. The two United States attorneys gave written approval of the suggested procedure, whereupon the clerk of the Louisi-

ana court transmitted the papers in the proceeding to the clerk of the District Court of the United States for the District of Columbia.

When Singleton appeared in the District of Columbia court and attempted to plead nolo contendere, the court refused to accept the plea. He thereupon entered a plea of guilty and was sentenced. On January 22, 1947, the appellant filed a petition for a writ of habeas corpus. The writ was issued and, after hearing, was discharged and the appellant was remanded to custody. This appeal is from that action of the trial court. The appellant asserts that the court's refusal to accept a plea of nolo contendere was a denial of due process of law which deprived the court of jurisdiction.

The appellant's position is based on the theory that Rule 20 is not to be considered in connection with Rule 11, which provides "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*."[1] He contends that, under Rule 20, when he stated that he wished to plead nolo contendere and obtained the approval of the two United States attorneys, the prosecution was in the District of Columbia only for the purpose of receiving that plea; that, when the court rejected it, it had no further jurisdiction.

■■ But Rule 20 gives to the district in which the arrest was made jurisdiction to receive a plea of guilty or nolo contendere; and provides "If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court." That is to say, the only eventuality as to pleas which would oust the jurisdiction of the court to which the papers had been sent is a plea of not guilty. A defendant's statement that he wishes to enter a plea either of guilty or of nolo contendere, when approved by the attorneys, will cause a transfer of the papers to the other district. The mere fact that here there was a desire to plead only nolo contendere did not diminish the court's power to receive either that plea or a plea of guilty. When the trial court declined to accept his plea of nolo, the appellant had the choice of pleading either guilty or not guilty. He could have ousted the court of jurisdiction by pleading not guilty, but he chose the guilty plea.

■■ We do not understand that Rule 20 destroys or in any wise affects, in a proceeding under it, the provision of Rule 11 that nolo contendere can be pleaded only with the consent of the court. It is our view that both rules must be given effect, and that when papers have been transferred to another court under Rule 20, a plea of nolo contendere cannot be entered without that court's consent.

■ Moreover, such a plea to an indictment good in form and substance has all the effect of a plea of guilty for the purposes of the case, since, in the face of the plea, no issue of fact exists. Hudson v. United States, 272 U.S. 451, 455, 47 S.Ct. 127, 71 L.Ed. 347; United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076. It follows that the appellant was not prejudiced by the court's refusal to accept his plea of nolo contendere.

Affirmed.

---

[1] This provision of the rule is merely declaratory of what has long been true.

See annotation on Acceptability of Plea of Nolo Contendere, 152 A.L.R. 267.