In the Matter of Edward G. MAR-
TINEZ, Appellant,

In Proceedings for a Wage Earner's
Plan under Chapter XIII.

In the Matter of Leslie Fay
SMITH, Appellant,

In Proceedings for a Wage Earner's
Plan under Chapter XIII.

Nos. 5430, 5431.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1957.

Lewis, Circuit Judge, dissented.

Ernest J. Rice, Topeka, Kan., for appellants.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

These are appeals from orders dismissing petitions filed under Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. §§ 1001–1086.

In Number 5430 Martinez filed a petition under Chapter XIII in the United States District Court for the District of Kansas, which set forth that petitioner was domiciled and lived in Kansas City, Missouri; was employed by a corporation in Kansas City, Kansas, and that a majority of his creditor claims were payable in Kansas.

In Number 5431 Smith filed a petition under Chapter XIII in the United States District Court for the District of Kansas, which set forth like facts, except that the petitioner was a resident of Falls City, Nebraska.

On December 13, 1955, Honorable E. R. Sloan, Referee in Bankruptcy, entered an order to the effect that unless within 20 days an order be obtained from a judge of the United States District Court for the District of Kansas fixing the venue of the Martinez case, it would be dismissed. On February 10, 1956, the referee entered an order dismissing the petition for the reason that his previous order of December 13, 1955, had "not been complied with." Like orders were entered in the Smith case. On petition for review, the District Court affirmed the orders of the referee dismissing the petitions.

Section 2 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 11, in part provides:

"(a) The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—

"(1) Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction, or who do not have their principal place of business, reside, or have their domicile within the United States, but have property within their jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States, and have property within their jurisdictions, *or in any cases transferred to them pursuant to this title; * * *.*" (Emphasis supplied.)

The italicized portion was added by the amendment of July 7, 1952, c. 579, § 2, 66 Stat. 420, 11 U.S.C.A. § 11.

Section 32 of the Bankruptcy Act, 11 U.S.C.A. § 55, originally read:

"In the event petitions are filed by or against the same person or by or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall, by order of the court first acquiring jurisdiction, be transferred to and consolidated in the court which can proceed with the same for the greatest convenience of parties in interest."

It was amended by the Act of July 7, 1952, by adding thereto subs. b and c, reading as follows:

"(b) Where venue in any case filed under this title is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer. As amended July 7, 1952, c. 579, § 11, 66 Stat. 424."

The report of the House Judiciary Committee, U.S.Code Congressional and Administrative News, 82 Cong., 2d Session, 1952, page 1967, which repeated in substance the report of the Senate Judiciary Committee, explains the scope

and purpose of the amendments, as follows:

"18. Section 11 of the bill adds two subdivisions to the present section 32. That section deals with the transfer of cases, but, as presently written, it covers only the case of two petitions against the same person or partnership. The first subdivision proposed to be added incorporates the substance of the general statute on venue of district courts stated in Title 28, section 1406, United States Code, modified only to accommodate it to the Bankruptcy Act. Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. This first subdivision also incorporates the amendment to section 1406 which changed 'shall' to 'may, in the interest of justice.' Ordinarily, no doubt the venue rules in bankruptcy will serve the interest of justice, but in the event that in special case they do not, the judge will have discretion to retain the proceeding.

"The second subdivision proposed to be added makes available to the bankruptcy judge a power to transfer a case, in the interest of the parties, similar to that now accorded the judge in a nonbankruptcy proceeding by section 1404(a) of title 28. This power could already be exercised by a judge in a chapter X proceeding, because of the authority granted by section 118. A clause is also added to section 2a(1) of the act by section 2(a) of the bill to authorize the court to exercise jurisdiction in a case so transferred to it.

"When the power is made generally available in all bankruptcy proceedings, the special provision in section 118 is no longer necessary, and it is therefore repealed by section 24 of the bill."[1]

Prior to the 1952 amendments to §§ 2 and 32, it was held by the weight of authority that the provisions—"persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction, or who do not have their principal place of business, reside, or have their domicile within the United States, but have property within their jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States, and have property within their jurisdictions," were jurisdictional rather than venue provisions.[2]

However, the author of Collier on Bankruptcy, 14th Ed., Vol. 1, § 2.14, pp. 183, 184, and in earlier editions, expresses the view that such provisions relate only to venue.[3]

---

1. The sections of Title 28, United States Code, referred to in the legislative history, read as follows:

"§ 1406. Cure or waiver of defects.

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue. [As amended] May 24, 1949, c. 139, Sec. 81, 63 Stat. 101."

\* \* \*

"§ 1404 Change of venue
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Finn v. Carolina Portland Cement Co., 5 Cir., 232 F. 815; In re San Antonio Land & Irrigation Co., D.C.S.D.N.Y., 228 F. 984; In re American & British Mfg. Corp., D.C.Conn., 300 F. 839; In re Mitchell, 2 Cir., 219 F. 690; In re Garneau, 7 Cir., 127 F. 677; In re Guanacevi Tunnel Co., 2 Cir., 201 F. 316.

3. See, also, In re Consolidated Burner Service Corp., D.C.S.D.N.Y., 32 F.Supp. 835; In re Mason, D.C.W.D.N.Car., 99

On the other hand, Remington on Bankruptcy, 4th Ed., Vol. 1, § 35, pp. 76–77, prior to the 1952 amendments, took the position that the provisions of § 2, last quoted above, "concern the jurisdiction of the court over the subject matter and not merely over the person, the court's jurisdiction being confined to those classes of cases and not extending over the entire 'subject of bankruptcies'; and the lack of the requisite conditions is not a personal privilege, waivable by the respondent; nor may jurisdiction be conferred by consent to adjudge a person bankrupt who does not come within the limitations." The authors state as the reason for the rule that "a contrary rule would permit a debtor to go into bankruptcy in a distant state, far removed from his creditors and the evidence relating to his business transactions." However, in the 1956 Supplement to Remington on Bankruptcy, § 40, p. 9, the following is stated:

"§ 40 (p. 80).—Jurisdictional nature of such provisions.

"The 1952 changes in § 32 of the Bankruptcy Act, more particularly hereinafter discussed in § 51.5 of this Supplement, have tended to increase the feeling that the statutory provisions as to institution of bankruptcy proceedings in the district where the alleged bankrupt has his residence, domicile, or place of business relate to proper venue rather than to jurisdiction to entertain the proceedings."

Subsequent to the amendments to § 32, supra, in 1952, two courts have held that the provisions of § 2, sub. a(1) relate to venue.[4]

In Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 167, 168, 60 S.Ct. 153, 154, 84 L.Ed. 167, the court said:

"The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised —though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. After a period of confusing deviation it was firmly reestablished in General Investment Co. v. Lake Shore Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244, and Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, overruling Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, and qualifying In re Moore, 209 U.S. 490, 28 S.Ct. 585, 706, 52 L.Ed. 904. All the parties may be non-residents of the district where suit is brought. Lee v. Chesapeake & Ohio Ry. Co., supra."

No provisions in the Bankruptcy Act other than those found in § 2, supra, fix the territorial jurisdictions within which the bankruptcy jurisdiction may be exercised. Therefore, Congress in using the word "venue" in the 1952 amendments to § 32 and in the Report of the House Judiciary Committee, supra, must have referred to such provisions in § 2.

▇▇ It is well settled that substantive jurisdiction of the Federal courts, that is, their power to adjudicate, cannot be created by consent or waiver. On the other hand, want of jurisdiction of the person or the thing may be waived.[5]

---

F. 256; In re Clisdell, D.C.N.D.N.Y., 101 F. 246; In re Worsham, 8 Cir., 142 F. 121, 123; Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 648, 649, 36 S. Ct. 466, 60 L.Ed. 841.

4. Saper v. Long, D.C.S.D.N.Y., 131 F. Supp. 795, 796; In re Fada Radio & Electric Co., D.C.S.D.N.Y., 132 F.Supp. 89.

5. In re Mason, D.C.W.D.N.Car., 99 F. 256, 257; Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 649, 36 S.Ct. 466, 60 L.Ed. 841.

In Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, at page 648, 36 S.Ct. 466, at page 469, 60 L.Ed. 841, the court said:

"It is objected by appellant that a determination that the bankrupt corporation had its principal place of business and therefore its residence in Cook county, which is in the northern district, shows at the same time that the United States District Court for the southern district of Illinois had no jurisdiction to entertain the proceeding in bankruptcy under § 2 of the bankruptcy act, and hence no jurisdiction over the present controversy. (See Harris v. First Nat'l Bank, 216 U.S. 382, 30 S.Ct. 296, 54 L.Ed. 528) As to this, the circuit court of appeals correctly held that appellant, by answering and making defense upon the merits, consented to the jurisdiction, * * *."

It will be observed that in the House report, referring to subsection b of the 1952 amendment to § 32, the following is stated:

"Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. This first subdivision also incorporates the amendment to section 1406 which changed 'shall' to 'may, in the interest of justice.' Ordinarily, no doubt the venue rules in bankruptcy will serve the interest of justice, but in the event that in the special case they do not, *the judge will have discretion to retain the proceeding.*" (Emphasis supplied.)

Obviously, the power of the court in its discretion to retain the proceedings must be based on the theory of consent or waiver.

It is clear that the danger referred to in Remington on Bankruptcy that to treat the provisions as relating to venue rather than jurisdiction "would permit a debtor to go into bankruptcy in a distant state, far removed from his creditors and the evidence relating to his business transactions," would be eliminated by the transfer powers vested in the bankruptcy court by the amendments to § 32. Surely, a bankruptcy court would transfer such a case as is envisioned in Remington on Bankruptcy to a court that would best serve the interest of the parties and of justice.

It is our conclusion that § 2 first grants substantive jurisdiction in bankruptcy, that is, the power to adjudicate, in the Federal district courts, and then fixes the territorial jurisdictions in which such judicial power may be exercised. We think only by such construction can the provisions of the amendments to § 32 be reconciled with the provisions of § 2, and that under the transfer provisions in the amendments to § 32 the rights and interests of the parties will be fully protected and safeguarded.

If a voluntary petition, or a petition under Chapter XIII, is filed in the wrong venue, the petitioner waives venue. However, notice of the first meeting of the creditors in a proceeding must be given, 11 U.S.C.A. § 94; 11 U.S.C.A. § 1032, and at such meeting the creditor could raise the objection to venue.[6] Likewise, if an involuntary petition is filed in the wrong venue, the bankrupt could object before filing his answer to the petition.

Under subsection c of § 32 the judge could transfer the instant cases to a court of bankruptcy in any other district if the interests of the parties would be best served by such transfer, and under subsection b of § 32 the court, in the absence of objection, could retain the proceedings in the instant cases, unless it concluded that the interests of the parties would be best served by a transfer to some other district.

The orders appealed from are Reversed and the causes Remanded for fur-

6. Collier on Bankruptcy, 14th Ed., Vol. 1, § 2.14, p. 184.

ther proceedings in accordance with the views herein expressed.

LEWIS, Circuit Judge (dissenting).

Since bankruptcy proceedings are essentially actions in rem [1] I agree that in voluntary proceedings (and petitions under Sec. 622 of Chapter XIII, are so limited) jurisdiction is conferred by the debtor's voluntary appearance, for the situs of the debts follows the debtor. But I do not agree that the provisions of Sec. 2, sub. a(1) are intended only as venue requisites and would hold such provisions to be jurisdictional in nature, unaffected in this regard by the 1952 amendments to Sec. 32. The majority notes that prior to the 1952 amendments the provisions of Sec. 2, sub. a(1) were generally considered by the great weight of both case and text law to be jurisdictional. The legislative history of the 1952 amendments as reflected in the statutes themselves leads me to conclude that Congress has carefully distinguished between venue and jurisdiction and has intended no change in the basic interpretation of Sec. 2, sub. a(1).

The amendment to Sec. 2, sub. a(1) adds to it the words "or in any cases transferred to them pursuant to this title." The Congressional Report in referring to this amendment states, "A clause is also added to section 2a(1) of the act by section 2(a) of the bill to authorize the court to exercise jurisdiction in a case so transferred to it." It seems clear that by this amendment jurisdiction is conferred upon a transferee court when such jurisdiction did not previously exist. A valid transfer presupposes original jurisdiction in the transferor court and creates statutory jurisdiction for convenience in a transferee court where neither jurisdiction nor venue necessarily existed absent the transfer. In this regard, the effect of the amendment is somewhat comparable to Rule 20, Code of Criminal Procedure, 18 U.S.C.A., wherein provisional jurisdiction is granted to empower a district court to accept a plea of guilty or nolo contendere at the place of arrest although indictment is in another court. This grant of power is jurisdictional. [2]

Sec. 32, sub. c, is the procedural authorization to effect a transfer and specifically negatives the necessity of jurisdictional factors being present in the transferee court by stating that the judge may transfer "* * * regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence * * *." Such negation would not be necessary if Sec. 32, sub. c, when read in conjunction with Sec. 2, sub. a(1) was not intended as a grant of *jurisdiction*.

Sec. 32, sub. b, on the other hand, is carefully limited to venue and authorizes, on motion, a transfer when venue is improper "* * * to any other court of bankruptcy *in which it could have been brought."* This section, too, recognizes the existence of the jurisdictional requisites of Sec. 2, sub. a(1).

As earlier indicated because this is a voluntary proceeding and the debtor sought the Kansas forum, I would find jurisdiction in the Kansas district. In an involuntary proceeding no jurisdiction would exist and the proceedings would require a dismissal, absent the debtor's appearance and consent. In the instant case, the court might retain its jurisdiction, transfer it, or, because the jurisdictional factors of Sec. 2, sub. a(1) do not exist, refuse jurisdiction. [3]

1. Hanover Nat. Bank of City of New York v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113; In re Lustron Corp., 7 Cir., 184 F.2d 789; In re Pennsylvania Central Brewing Co., 3 Cir., 135 F.2d 60.

2. Singleton v. Clemmer, 83 U.S.App.D.C. 107, 166 F.2d 963; United States v. Kratz, D.C.Neb., 97 F.Supp. 999; United States v. Binion, D.C.Nev., 107 F.Supp. 680; In re Schwindt, D.C.Or., 74 F.Supp. 618.

3. Collier in his discussion of the dismissal of petitions under Chapter XIII gives approval to the statement, "It has long been the practice of bankruptcy courts

I would affirm the trial court in his view and statement "This court will not, however, in the view it now entertains, assume jurisdiction generally over bankrupts and wage earners not within its district and not within any of the categories set out in Sec. 2 of the Bankruptcy Act."

I accordingly dissent from the view of the majority.

to permit creditors or others not entitled to file pleadings or otherwise contest the allegations of a petition to move for the vacation of an adjudication or the dismissal of a petition on grounds, whether strictly jurisdictional or not, that the proceedings ought not to be allowed to proceed. In fact, it is the duty of the court, sua sponte, when it believes its jurisdiction may have been imposed upon, to inquire into the facts and act in accordance therewith." (See 9 Collier on Bankruptcy, Sec. 24.12, p. 595 and Sec. 41.12, p. 104, same volume.)