**Luther E. HARDISON, Petitioner,**

**v.**

**Walter DUNBAR, Director, Arthur L. Oliver, Warden, California Department of Corrections; California State Prison at Folsom, Respondents.**

**Civ. No. 9652.**

United States District Court
N. D. California, N. D.
June 22, 1966.

4. 305 F.2d 941 (2d Cir. 1962).

Luther E. Hardison, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Sacramento, Cal., for respondents.

MEMORANDUM AND ORDER

HALBERT, District Judge.

Petitioner has filed with this Court a document which he entitles "Petition for Re-hearing." Heretofore, the Court, on February 23, 1966, dismissed petitioner's initial petition for a writ of habeas corpus on the ground that said petition wholly failed to allege facts which, if proven true, would raise a justiciable federal question. Petitioner did not seek to appeal from that order, and accordingly it became final upon the expiration of the applicable thirty-day period (See: Poe v. Gladden, 9 Cir., 287 F.2d 249, 250). The document now under consideration was filed on June 8, 1966, some three and one half months following the dismissal of petitioner's original petition for a writ of habeas corpus.

By his "Petition for Re-hearing," petitioner seeks to correct the factual deficiencies of his original petition. While the document submitted by petitioner is entitled "Petition for Re-hearing," it differs so materially from petitioner's original petition as to cause it to be more properly denominated and treated as a motion seeking permission to amend the original application pursuant to Title 28 U.S.C. § 2242(3). Under either theory, however, the Court is of the view that it would be improper to entertain the proposed petition or motion at this time.

I.

Though a motion for a rehearing following a final determination

in habeas corpus matters is not established by either statute or rule of court, this Court, in the exercise of its inherent powers, has long recognized its necessity and propriety as a matter of practice. The motion has thus been treated as something in the nature of its namesake in appellate procedure (See, e. g., Rule 23, Rules of the United States Court of Appeals for the Ninth Circuit), or as akin to a motion for a new trial pursuant to Rule 59(b), Federal Rules of Civil Procedure. In appellate practice, the motion for a rehearing must be made within thirty days from the date of the final order as compared to the more stringent ten-day limit usually applicable under Rule 59 motions for a new trial. The thirty-day limit would appear to more nearly harmonize with the conceptual basis of the habeas corpus power, though the only courts that appear to have considered the matter have adopted the ten-day limit of Rule 59(b), Federal Rules of Civil Procedure (See: Thomas v. Hunter, D.C., 78 F.Supp. 925; on appeal, Hunter v. Thomas, 10 Cir., 173 F.2d 810). In either event, the motion at bar, being filed some three and one half months after the entry of an order of dismissal, is clearly not in time. Under well-settled principles, the failure to file within the requisite period deprives this Court of jurisdiction to entertain a motion such as petitioner's, regardless of how it is denominated (Compare: MacNeil Bros. Co. v. Cohen, 1 Cir., 264 F.2d 190, and Tobriner v. Chefer, 118 U.S. App.D.C. 246, 335 F.2d 281, with United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, and Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760). Moreover, that result would seem to be fully consistent with the established rules in regard to appeal from final orders in habeas corpus proceedings (See: Poe v. Gladden, supra; Pledger v. United States, 6 Cir., 260 F.2d 471; and compare De Jordan v. Hudspeth, 10 Cir., 137 F.2d 943, cited with approval in Poe v. Gladden, supra).

II.

Notwithstanding the failure of the instant motion as a "Motion for Rehearing," it may be argued that the document now before the Court should be filed and treated as an amended petition pursuant to Title 28 U.S.C. § 2242 (3) which provides:

> "[An application for a writ of habeas corpus] * * * may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

In turn, Rule 15, Federal Rules of Civil Procedure, insofar as it may be applied in a habeas corpus proceeding, states that a party may amend his pleading at any time within twenty days following service, and

> "[o]therwise * * * only by leave of court * * * and leave shall be freely given when justice so requires."

Under the facts of the case at bar, the issue presented is whether petitioner ought to be allowed, in the interest of justice, to amend his petition by this proceeding.

In Brown v. Heinze, D.C., 248 F. Supp. 293, this Court noted the problems posed by the proliferation of petitions for writs of habeas corpus filed in Federal District Courts. Recent decisions extending the scope of the constitutional right against self-incrimination, when viewed in the light of past experience, portend a continuing increase in the number of petitions filed by state prisoners. It is, therefore, of compelling importance that proper and orderly methods of handling applications for collateral relief be devised and followed.

It is readily apparent that if the procedure which petitioner seeks to utilize here were to be allowed in any but the most exceptional circumstances, those petitions now awaiting consideration would be substantially and intolerably delayed. This Court has never re-

quired a habeas applicant to file a petition that meets the nice standards of pleading and practice imposed upon members of the bar. All that is demanded is a measure of candor—the petitioner must state with some specificity the facts upon which he contends his incarceration is unlawful (See: Application of Meek, D.C., 138 F.Supp. 327). Moreover, the failure of a habeas applicant to meet that standard entails no difficult burden for him. Further, his failure to state a claim does not bar new applications for relief[1] —at most his only burden is to take his place in line and await his fair turn.

The Supreme Court of the United States made reference to the basic problem raised by this case when it said in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148:

> "Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay." (373 U.S. at 18, 83 S.Ct. at 1078.)

The function of the writ of habeas corpus would be destroyed if a single petition could be forever kept alive through the device of repeated "Motions for Rehearing" in which procedural and substantive defects in the preceding application were sought to be met with new allegations and new arguments. Clearly, in a proper case the rules may be bent to meet the occasions where justice so requires. But rules there are, and rules there must be, lest the Great Writ become engulfed in its own proliferation. Petitioner may be heard, but he must, in fairness, await his turn in time. He can readily secure his rights by filing a new and proper petition.

It is, therefore, ordered that petitioner's "Petition for Re-Hearing" be, and the same is, hereby denied.

1. Petitions for writs of habeas corpus are not subject to the doctrine of *res judicata* (See: Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; and Linden v. Dickson, 9 Cir., 287 F.2d 55).