UNITED STATES of America ex rel.
Larry FLETCHER, Petitioner,

v.

Louie L. WAINWRIGHT, as Director of
Division of Corrections of Florida and
ex officio jailer of Raiford State Prison,
Respondent.

Civ. No. 67–831.

United States District Court
S. D. Florida.

March 18, 1968.

Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for respondent.

## ORDER

FULTON, Chief Judge.

Petitioner has filed a "Motion for Declaratory Judgment," alleging that he has been removed from the State Prison at Raiford, Florida, to Cook County Jail, Illinois, upon a writ of habeas corpus ad testificandum and is currently awaiting trial on Illinois charges. A petition for writ of habeas corpus, filed August 15, 1967, in this Court, attacked the procedure by which petitioner, while a federal prisoner in Ohio was transferred to Florida on a writ of habeas corpus ad prosequendum, convicted in Florida, returned to federal custody for the completion of his federal sentence, and at its completion returned to Florida to begin serving the Florida sentence. This "Motion for Declaratory Judgment" is addressed to the same Florida sentence attacked in the original petition, but adds as an additional ground for relief his temporary release by Florida to federal custody on a writ of habeas corpus ad testificandum.

The Order denying the petition for writ of habeas corpus was entered October 23, 1967. A motion for rehearing was denied January 23, 1968. This "Motion for Declaratory Judgment" was filed March 14, 1968. It cannot be considered a complaint under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, since it in no way states a case of actual controversy within the jurisdiction of this Court, as is required for the remedy created by that Act. In order for this Court to consider this document, it must be treated as a second motion for rehearing of the October 23, 1967 Order denying the writ, or as an amended petition for writ of habeas corpus. In substance, the document asserts that error was committed by the Court in the October 23, 1967 Order, and alleges new facts which have arisen subsequent to the original petition.

Neither statute nor rule of court provides for a motion for rehearing in habeas corpus proceedings. Nevertheless, this Court and others throughout the Land, in recognition of the peculiar and revered status of the Writ of Habeas Corpus in Anglo-American jurisprudence, have consistently considered such motions in the exercise of their inherent power. There must, however, be some regulation of the use of such motions. All litigation must eventually come to an end, even habeas corpus proceedings. Since motions for rehearing in habeas corpus matters are authorized by neither statute nor rule, *a fortiori* their timeliness is not prescribed. They are somewhat analogous to motions for new trial or motions to alter or amend a judgment, which must be made within ten days of the judgment, under Federal Rule of Civil Procedure 59. Almost five months have elapsed since the Order denying the original petition in this case was filed. Certainly this document cannot be considered timely in so far as it constitutes a motion for rehearing of the October 23, 1967 Order.

Nor does the Court believe this document should be treated as an amended petition for writ of habeas corpus under Title 28 U.S.C. § 2242, par. 3, which provides:

[An application for a writ of habeas corpus] * * * may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

Rule 15, Federal Rules of Civil Procedure, provides that a party may amend his pleading as of right at any time before a responsive pleading is served, or, if no responsive pleading is permitted, then within twenty days after it is served. Beyond those times, amendment may be made only by leave of court or written consent of the adverse party, but leave of court shall be freely given when required by justice. Even if Rule 15 is applicable to habeas corpus proceedings this Court feels that this proceeding is not in a proper posture for amendment. The matters raised in the original petition have been considered, determined, and once reconsidered. Such new allegations of fact as petitioner may now wish to bring to the attention of the Court can be raised in a new petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In denying a similar motion filed three and one-half months after dismissal of a habeas corpus petition, a California District Court succinctly summarized the position now adopted by this Court:

The function of the writ of habeas corpus would be destroyed if a single petition could be forever kept alive through the device of repeated 'Motions for Rehearing' in which procedural and substantive defects in the preceding application were sought to be met with new allegations and new arguments. Clearly, in a proper case the rules may be bent to meet the occasions where justice so requires. But rules there are, and rules there must be, lest the Great Writ become engulfed in its own proliferation. Petitioner may be heard, but he must, in fairness, await his turn in time. He can readily secure his rights by filing a new and proper petition. Hardison v. Dunbar, 256 F. Supp. 412 (N.D.Calif.1966).

Thereupon, it is

Ordered and adjudged that petitioner's second motion for rehearing be and the same is hereby denied.