John PERRY, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 75–492–Civ–J–S.

United States District Court,
M. D. Florida,
Jacksonville Division.

June 7, 1977.

Frederick B. Tygart, Jacksonville, Fla., for petitioner.

John Perry, pro se.

Robert S. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for respondent.

OPINION

CHARLES R. SCOTT, District Judge.

The Court approves and adopts as its own in this opinion the findings and recommendation of the Honorable Harvey E. Schlesinger, United States Magistrate, to whom

this petition was referred for hearing. Accordingly, the motion for post-conviction relief will be denied and this case dismissed.

HARVEY E. SCHLESINGER, United States Magistrate.

FINDINGS AND RECOMMENDATION

Petitioner John Perry, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on August 7, 1975.

FACTS

On March 8, 1972, an indictment, No. 72–62–Cr–J–T, was returned in this Court charging petitioner with interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. That indictment was transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to Fed.R.Crim.P. 20(a)[1] and on August 16, 1973, petitioner pleaded guilty to the indictment. He was sentenced to eighteen months imprisonment to be served consecutively to a sentence he was then serving for probation violation.

On March 18, 1974, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the Eastern District of Pennsylvania. He alleged in the motion that he was promised that any sentence imposed in Case No. 72–62–Cr–J–T would be concurrent rather than consecutive to the sentence he was then serving.[2] He prayed for specific performance of the alleged promise. The motion was docketed as a separate action, Case No. 74–658, and the

1. Fed.R.Crim.P. 20(a) provides: "A defendant arrested, held or present in a district other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which he was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is

pending, shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and prosecution shall continue in that district."

2. The Court file does not contain the § 2255 motion filed by petitioner before the District Court for the Eastern District of Pennsylvania on March 18, 1974. The contents of the motion here recited were obtained from petitioner's present § 2255 motion.

Court appointed counsel to represent petitioner in the proceeding. Subsequently, without petitioner's consent, counsel filed an amended petition seeking to have the plea vacated on the ground that there was no factual basis for it. On May 2, 1974, the District Court vacated the sentence imposed on August 16, 1973, allowed the petitioner to withdraw his guilty plea and enter a plea of not guilty, and ordered, pursuant to Fed. R.Crim.P. 20(c),[3] that the case file be returned to this Court.

On May 24, 1974, petitioner filed three motions with the District Court for the Eastern District of Pennsylvania: (1) a motion for reduction of bail; (2) a motion for an order enjoining removal of his person to the Middle District of Florida for proceedings in Case No. 72–62–Cr–J–T until his motion to amend, see (3) infra, had been ruled upon; (3) a motion to amend the Court's May 2, 1974, order or for a rehearing on the § 2255 motion in which he restated his request for specific performance of the alleged promise of concurrent sentences. On or about the same day, May 24, petitioner's sentence for probation violation expired. Consequently, on May 28, 1974, the District Court dismissed petitioner's first two motions as moot. However, the Court did not rule, nor has it since ruled, on petitioner's motion to amend or for a rehearing.

On May 23, 1974, this Court had issued a capias for petitioner's arrest. Arraignment was scheduled before the Honorable Joseph W. Hatchett, then United States Magistrate for the Jacksonville Division, for June 4, 1974, then rescheduled for July 17, 1974. On both occasions petitioner failed to appear. In August 1974, petitioner surrendered to United States Marshals in Philadelphia, Pennsylvania. On August 19, 1974, the United States Magistrate at Philadelphia ordered that petitioner be removed to the Middle District of Florida. The Magistrate set bond at $3,500 and permitted peti-

tioner to post ten percent of that amount. The bond states in part:

"The conditions of this bond are that the defendant above-named is to appear before a Judge or Magistrate of the United States District Court for the Eastern District of Pennsylvania at Philadelphia, and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in the above entitled matter as may be given or issued by a Judge or Magistrate of the United States District Court of the Eastern District of Pennsylvania *or of any other United States District Court to which the defendant may be removed or the cause transferred. . . .*" [Emphasis added.]

Petitioner appeared for arraignment before Judge Hatchett at Jacksonville, Florida, on September 16, 1974. The Magistrate was preparing to set a $5,000 bond when he learned of the $3,500 bond set before the Magistrate in Philadelphia. Judge Hatchett declined to set another bond, noting that the amount posted, $350, had been transferred to this District from the Eastern District of Pennsylvania, and that under the conditions of the $3,500 bond petitioner was required to appear for proceedings in this Court. The Magistrate then informed petitioner that an omnibus hearing would be held September 30, 1974, at 10:30 A.M., and a pretrial conference would be held October 15, 1974, at 10:30 A.M. Petitioner failed to appear either for the omnibus hearing or the pretrial conference. His bond was estreated and a capias issued. On April 3, 1975, another indictment, No. 75–45–Cr–J–T, was returned against petitioner for bail jumping in violation of 18 U.S.C. § 3150.

Petitioner was apprehended in New York State in March 1975 and on April 14, 1975, he was tried before a jury and the Honorable Gerald B. Tjoflat on the stolen car in-

---

**3.** Fed.R.Crim.P. 20(c) provides: "If after the proceeding has been transferred pursuant to subdivision (a) or (b) of this rule the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced, and the proceeding shall be restored to the docket of that court. The defendant's statement that he wishes to plead guilty or nolo contendere shall not be used against him."

dictment in Case No. 72–62–Cr–J–T. The jury was unable to agree upon a verdict, and the Court declared a mistrial. Thereafter, petitioner's retained counsel obtained a commitment from the United States Attorney to dismiss the indictment in Case No. 72–62–Cr–J–T in exchange for a plea of guilty by petitioner to the bail jumping indictment. In a letter to petitioner under date of April 16, 1975, counsel wrote:

> "It is my opinion that it would be in your best interest to plead guilty to the 'bail jumping' charge if we can get the Government to agree to dismiss the stolen auto transportation charge and any other charges that might come out of it. The decision must be yours but I feel if you cooperate with the Government at this point and do not make them spend the money to re-try the transportation case and [conduct] an original trial on the bail jumping it would be to your benefit. *As we have discussed you have no defense to the bail jumping.* The decision, of course, is yours alone to make since you can probably expect some jail time the length of which I cannot say." [Emphasis added.]

Subsequently, petitioner pleaded guilty to the indictment in Case No. 75–45–Cr–J–T and the Government dismissed the indictment in Case No. 72–62–Cr–J–T. On May 5, 1975, petitioner was sentenced to a term of four years imprisonment. He filed the present motion on August 7, 1975.

## ISSUES PRESENTED

Petitioner argues that since his motion to amend or for a rehearing, filed May 24, 1974, in the District Court for the Eastern District of Pennsylvania, was not ruled upon, subject matter jurisdiction of Case No. 72–62–Cr–J–T remained in that Court, and hence he was under no compulsion to obey the orders issued by this Court on and after May 23, 1974. Therefore, petitioner continues, he could not be guilty of jumping bail because he was not under a lawful order to appear, and his sentence in Case No. 75–45–Cr–J–T should be vacated.

Petitioner argues, second, that his retained counsel was wrong in telling him there was no defense to the bail jumping charge, that counsel should have advised him that the District Court for the Middle District of Florida could not have subject matter jurisdiction over Case No. 72–62–Cr–J–T as long as his motion to amend or for a rehearing remained pending in the District Court for the Eastern District of Pennsylvania, and that therefore he was denied his right to effective assistance of counsel.

## LAW AND REASONING

### I. Subject Matter Jurisdiction

Petitioner's argument that this Court did not have subject matter jurisdiction over Case No. 72–62–Cr–J–T is without merit. When a case is transferred pursuant to Fed.R.Crim.P. 20(a) or (b), subject matter jurisdiction of that case is conferred upon the transferee court. *Chambers v. United States*, 422 F.2d 379, 380 (5th Cir.), *cert. denied*, 400 U.S. 835, 91 S.Ct. 72, 27 L.Ed.2d 68 (1970); *Warren v. Richardson*, 333 F.2d 781, 783 (9th Cir. 1964); *Singleton v. Clemmer*, 83 U.S.App.D.C. 107, 166 F.2d 963, 965 (1948). *See United States v. Gallagher*, 183 F.2d 342 (3rd Cir. 1950), *cert. denied*, 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659 (1951). If the defendant, after a Rule 20(a) or (b) transfer, pleads not guilty, the proceeding is "restored to the docket of [the] court" in which the indictment was returned, Fed.R. Crim.P. 20(c), and subject matter jurisdiction of the case once again lodges in the transferor court. *Hutto v. United States*, 309 F.Supp. 489, 493 (D.S.C.1970); *United States v. Binion*, 107 F.Supp. 680, 682 (D.Nev.1952). *See United States v. Kratz*, 97 F.Supp. 999, 1000 (D.Neb.), *appeal dismissed*, 191 F.2d 208 (8th Cir. 1951); *Singleton v. Clemmer, supra*, at 965. *See also United States v. Smith*, 515 F.2d 1028, 1030 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed.2d 322 (1976). The order of the District Court for the Eastern District of Pennsylvania of May 2, 1974, that the file in Case No. 72–62–Cr–J–T be returned to this Court was entered pursuant to Rule 20(c). On that date subject

matter jurisdiction of Case No. 72–62–Cr–J–T was lodged in this Court. Hence, the indictment returned against petitioner for bail jumping, No. 75–45–Cr–J–T, was valid.

The failure of the District Court for the Eastern District of Pennsylvania to rule on petitioner's motion to amend or for a rehearing did not deprive this Court of jurisdiction over Case No. 72–62–Cr–J–T. Rather, it is the power of that court to rule on petitioner's motion for reduction of bail and motion for a preliminary injunction which is questionable. Petitioner relies upon Fed.R.Civ.P. 59(b) and (e) to support his theory that the Pennsylvania federal court retained subject matter jurisdiction of Case No. 72–62–Cr–J–T. Rule 59 has been held applicable to habeas corpus proceedings. *E. g., Flint v. Howard,* 464 F.2d 1084, 1086 (1st Cir. 1972); *Forbes v. Wainwright,* 425 F.2d 724, 725 (5th Cir. 1970); *Hunter v. Thomas,* 173 F.2d 810, 812 (10th Cir. 1949). 7 J. Moore, *Federal Practice* ¶ 81.05, at 60 (2d Ed.1948). Subsections (b) and (e) provide that a motion for a new trial and a motion to amend the judgment shall be served not later than ten days after entry of the judgment. Courts have generally considered motions for reconsideration filed later than ten days after denial of a habeas corpus petition to be untimely. *See, e. g., Flint v. Howard, supra,* 464 F.2d 1086; *Forbes v. Wainwright, supra,* 425 F.2d 725.

■ However, petitioner cites *Hardison v. Dunbar,* 256 F.Supp. 412 (N.D.Cal.1966), for the proposition that a thirty-day time limit is preferable. In *Hardison,* the petitioner's motion for rehearing was filed three and one-half months following dismissal of his habeas corpus petition. The Court found that the motion was untimely, judged by any standard; but in doing so it made the following comments:

"In appellate practice, the motion for a rehearing must be made within thirty days from the date of the final order as compared to the more stringent ten-day limit usually applicable under Rule 59 motions for a new trial. The thirty-day limit would appear to more nearly harmonize with the conceptual basis of the habeas corpus power, though the only courts that appear to have considered the matter have adopted the ten-day limit of Rule 59(b) . . . ."

Thus, petitioner is relying upon a dictum set forth in a single opinion—a dictum which is at variance with the views of most courts. Under the weight of authority, petitioner should have filed his motion to amend or for a rehearing by May 12, 1974; and since he did not, it was untimely.[4]

Petitioner's argument contains a more serious flaw, however. No cases applying Fed.R.Civ.P. 59 have been found which involve a Fed.R.Crim.P. 20 transfer or which involve, specifically, restoration of jurisdiction in the transferor court following a defendant's plea of not guilty. In the present case, the Pennsylvania federal court's judgment, on May 2, 1974, ordered Case No. 72–62–Cr–J–T returned to this Court and vacated petitioner's guilty plea simultaneously. Thus, the Pennsylvania federal court relinquished subject matter jurisdiction of Case No. 72–62–Cr–J–T and was without power, from the date of its judgment, to entertain a motion for reconsideration under Fed.R.Civ.P. 59. This situation might be different if the Pennsylvania federal court had not vacated petitioner's guilty plea and relinquished subject matter jurisdiction simultaneously. In that event, petitioner might have moved for reconsideration before jurisdiction of Case No. 72–62–Cr–J–T reverted to this Court. Only then would petitioner's reliance upon *Hardison* (since he did file his motion within thirty days) carry any weight. It should be noted, however, that Rule 20(c) does not appear to contemplate a delay between the plea of not guilty and restoration of the

---

4. Petitioner alleged in his motion to amend or for a rehearing that he did not receive notice of the District Court's judgment until May 22, 1974. The docket record reflects that notices were mailed on May 3. It is inferable that the court was not persuaded by petitioner's allegation.

case to the court in which the prosecution was commenced.[5]

■ It must be concluded that this Court had subject matter jurisdiction of Case No. 72–62–Cr–J–T after May 2, 1974. But even if it had not had subject matter jurisdiction of the case, petitioner could not lawfully have defied this Court's orders. Case No. 72–62–Cr–J–T was a criminal proceeding. In civil proceedings, a person can, if he chooses, defy a court's order and suffer sanctions for contempt. Such a course of action is not open to a criminal defendant. Several analogies demonstrate this fact. Suppose these facts: "A" is a prisoner. "A" believes that he was convicted without due process and is therefore being detained illegally. He decides to "take the matter into his own hands." He escapes from prison. Later, in a habeas corpus proceeding, the court determines that "A" was in fact denied due process and that his conviction must be overturned. Notwithstanding the illegality of the detention from which "A" escaped, he can be tried and convicted for escape.

Suppose these facts: policemen attempt to arrest "B". "B" believes that the policemen do not have probable cause to arrest him. Thus he resists or even assaults them. The policemen subdue him, but later a court determines that the arrest was invalid. "B" can be tried and convicted on charges of resisting or assaulting law enforcement officers.

Suppose these facts: law enforcement officers come to the home of "C" and display a search warrant. "C", believing the search warrant to be invalid, refuses them admittance. Even if the search warrant is invalid, "C" has no right to resist the search. See *Bumper v. North Carolina*, 391 U.S. 543, 550, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797, 803 (1968). In the present case, even if this Court's orders to appear before it on later dates had been unlawful, just as "A" had no right to escape from unlawful detention; just as "B" had no right to resist an unlawful arrest; and just as "C" had no right to resist an unlawful search; petitioner would have had no right to take the matter into his own hands and fail to appear. Therefore, the indictment returned against petitioner for bail jumping, No. 75–45–Cr–J–T, was valid.

## II.  Ineffective Assistance of Counsel

Petitioner's contention that he received ineffective assistance of counsel must fail. There was no defense to the bail jumping charge: this Court had subject matter jurisdiction of Case No. 72–62–Cr–J–T; but even if it did not have such jurisdiction, petitioner would have had no right to defy this Court's orders to appear.

## RECOMMENDATION

For the reasons stated, it is recommended that petitioner's motion for post-judgment relief be denied.

In accordance with miscellaneous order No. 77–2–Misc., any party can seek a review of this report and recommendation by filing within ten days after being served with a copy hereof, written objections, with a copy to the District Judge, the Magis-

---

5. Although it is technically irrelevant, assuming *arguendo* that the District Court for the Eastern District of Pennsylvania had the power to rule on petitioner's motion to amend or for a rehearing, its failure to do so cannot realistically be said to have prejudiced petitioner. Petitioner's motion to amend or for a rehearing would not support the conclusion that he was promised concurrent sentences. Petitioner's motion contains no allegations supporting the existence of a promise save the following:

"The U.S. Attorney, in his answer to petitioner's original petition, states in Paragraph Two (2) thereof that 'Edward H. Weiss, Esquire, who represented John Perry through-

out these proceedings, informs the undersigned that he advised Perry that he would recommend to the Court that any sentence imposed upon the defendant be ordered to run concurrently with his previous sentence.'"

The most that petitioner's counsel promised petitioner, then, was that he would *recommend* concurrent sentences. The transcript of the August 16, 1973, arraignment shows, at page 20, that petitioner's counsel did recommend to the Court that petitioner be given a sentence concurrent to the sentence he was then serving.

trate, and opposing counsel. A District Judge is required to make a *de novo* determination of those portions of the report and recommendation to which an objection has been made. The District Judge may accept, reject or modify, in whole or in part, this report and recommendation, or may receive evidence or recommit the matter to the Magistrate for further consideration.