**John Otis BURNSIDE, Petitioner–Appellant,**

v.

**John J. LAMANNA, Warden, Respondent–Appellee.**

**No. 01–3580.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

*ORDER*

John Otis Burnside, a pro se federal prisoner, appeals from a district court judgment dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This appeal has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, a Florida federal jury found Burnside guilty of conspiracy to possess with intent to distribute and attempt to possess with intent to distribute cocaine, as well as using a firearm during the commission of a drug crime. *See* 18 U.S.C. § 924(c); 21 U.S.C. §§ 841(a)(1), 846. He received a sentence of 420 months in prison. The Eleventh Circuit affirmed the conviction, and his subsequent § 2255 motion to vacate was held to be without merit.

In his § 2241 petition, Burnside claimed that the district court lacked jurisdiction over his case because the signature of the grand jury foreman was illegible. The district court dismissed the petition because Burnside had not shown that his § 2255 remedy was inadequate or ineffective. Burnside filed a motion for reconsideration which raised a claim based on *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court denied the motion.

■ In *Charles v. Chandler,* 180 F.3d 753 (6th Cir.1999), this court held that a federal prisoner must normally use § 2255 to attack his conviction, and it is an open question in this circuit whether an actual innocence exception exists to show that the § 2255 remedy is inadequate or ineffective. *See* 28 U.S.C. § 2255, fifth ¶; *Charles,* 180 F.3d at 755–57. Assuming that such a remedy existed, the court held that claims such as the involuntary nature of a guilty plea and ineffective assistance of counsel were not claims of actual innocence. *Id.* at 758. We conclude that Burnside's claim regarding the technical defect in his indictment is, under the authority of *Charles,* not a claim of actual innocence. So Burnside's indictment claim lacks merit.

■ Concerning the motion for reconsideration, the general rule is that a party seeking to amend the pleadings after the entry of judgment must provide the district court with a good reason to grant the party's motion. *Ill. Conf. of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking,* 71 F.3d 1361, 1368 (7th Cir.1995). Here the *Bailey* case was decided in 1995, and Burnside did not provide the district court with a good reason why he did not raise the claim in his petition. Burnside must file a new and proper petition on the *Bailey* claim and "await his turn in time." *Hardison v. Dunbar,* 256 F.Supp. 412, 415 (N.D.Cal.1966).

The judgment of the district court is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.