**John Otis BURNSIDE, Appellant**

v.

**Warden Karen F. HOGSTEN.**

No. 07–3013.

United States Court of Appeals, Third Circuit.

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 9, 2007.

John Otis Burnside, White Deer, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Warden Karen F. Hogsten.

BEFORE: SLOVITER, CHAGARES and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, John Otis Burnside, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The appellee has filed a motion for summary affirmance. Because this appeal does not present a substantial question, we will grant the motion. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1989, a grand jury in the United States District Court for the Southern District of Florida indicted Burnside on various drug-trafficking charges. Following a jury trial in which Burnside proceeded *pro se*, Burnside was convicted and sentenced to 420 months of imprisonment. The Eleventh Circuit Court of Appeals affirmed his sentence, *United States v. Burnside*, 61 F.3d 31 (11th Cir.1995), and the Supreme Court denied certiorari, 516 U.S. 926, 116 S.Ct. 328, 133 L.Ed.2d 229 (1995).

Over a decade later, on May 23, 2007, Burnside filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.[1] In the petition, Burnside alleged that his Sixth Amendment rights were violated when he refused counsel at his criminal trial because his waiver was not intelligently and competently made. Therefore, according to Burnside, the federal government lacked jurisdiction to imprison him and he was entitled to immediate discharge. On June 27, 2007, the District Court dismissed Burnside's petition on the grounds that he was required to pursue his claims by way of a § 2255 motion in the sentencing court, not a habeas action in that court. This timely appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Ruggiano v. Reish*, 307 F.3d 121, 126–27 (3d Cir.2002). Upon review, we conclude that the District Court properly dismissed the underlying § 2241 petition through which Burnside sought to challenge his conviction and sentence.

A section 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. 28 U.S.C. § 2255. "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." *Cradle v. U.S. ex rel. Miner*, 290

---

1. It appears that in the interim, Burnside filed two unsuccessful motions pursuant to 28 U.S.C. § 2255 in the District Court for the Southern District of Florida, *Burnside v. United States*, (S.D.Fla.94–cv–306) and *Burnside v. United States* (S.D.Fla.97–cv1036), *aff'd*, 165 F.3d 40 (11th Cir.1998); a habeas petition in the District Court for the Northern District of Ohio, *Burnside v. Lamanna*, (N.D.Ohio 01–704), *aff'd*, 27 Fed.Appx. 439 (6th Cir.2001); and another habeas petition in the District Court for the Middle District of Pennsylvania, *Burnside v. Zenk*, (M.D.Pa.01–cv–02193), *aff'd*, 64 Fed.Appx. 850 (3d Cir.2003).

F.3d 536, 538 (3d Cir.2002). A motion pursuant to section 2255 is "inadequate or ineffective" only when some limitation of scope or procedure would prevent the prisoner from receiving adequate adjudication of his claims. *Id.*; *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). This exception is extremely narrow and has been held to apply in only rare circumstances. *See, e.g., In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997) (applying exception because the prisoner was in the "unusual position" of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application).

As the District Court explained, there can be no doubt that the Sixth Amendment claim that Burnside presented in his habeas petition falls within the purview of section 2255. Burnside, however, made no attempt to show that a section 2255 motion in the sentencing court would be an inadequate or ineffective means to test the legality of his detention. Therefore, the District Court correctly concluded that Burnside could not seek relief under section 2241.

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.