## UNITED STATES v. BINION.
### No. 12349.

United States District Court .
D. Nevada.
Aug. 22, 1952.

Miles N. Pike, U. S. Atty., Reno, Nev., for plaintiff.

Thomas Foley (of Foley & Foley), Las Vegas, Nev., for defendant.

MURPHY, District Judge.

This is a motion for an order directing the Clerk of the Court for the District of Nevada to return the file in the above-entitled case to the Clerk of the United States District Court for the Northern District of Texas, Dallas, Texas. It had been transferred from the latter Court to the former pursuant to the provisions of Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A. The material facts are as follows:

On the 2d of May, 1952, a Federal Grand Jury for the Northern District of Texas returned an indictment against the defendant, L. B. Binion, alias Benny Binion, charging him in two counts with attempted evasion of his 1949 income tax. Section 145(B), Internal Revenue Code, 26 U.S.C.A. § 145(b). Defendant was arrested in Nevada.

On July 17, 1952, upon the written statement of the defendant that he desired to enter a plea of guilty or nolo contendere to the charge in the District of Nevada and requesting a transfer of the case to this district, and upon the written consent of the United States Attorneys for the two Districts, the papers in the proceeding were duly transmitted by the Clerk of the Federal Court for the Northern District of Texas to the Clerk of this Court.

On July 21, 1952, the original indictment was filed here. It was assigned a number and was duly docketed. The written request for transfer signed by Binion and bearing the written consent of the two United States Attorneys was also filed by the Clerk on the same date.

Thereafter, on August 5, 1952, and, due to the Court's recess, before any plea was entered by the defendant, each of the United States Attorneys filed a written withdrawal of his consent to the transfer. This motion was filed at the same time.

This Court does not propose to worry the bone of constitutionality as to Rule 20. Thousands of cases have been transferred in reliance upon it since the Rule's promulgation. It is true that one District Judge has held the Rule unconstitutional. See U. S. v. Bink, D.C.Or.1947, 74 F.Supp. 603. However, at least two Circuit Courts, the 3rd and the 8th, have upheld its validity, U. S. v. Gallagher, 3 Cir., 183 F.2d 342; Levine v. U. S., 8 Cir., 182 F.2d 556, and our own Circuit has inferentially sustained its constitutionality in dealing with the transfer provisions of Rule 21(a). Shockley v. U. S., 9 Cir., 166 F.2d 704. See also, "The Constitutionality of Federal Criminal Rule 20", Cornell L.Q. 34:129.

The basic contention of the Government in this case, is that unless there is subsisting consent by both the United States Attorneys at the time that defendant enters his plea, there is no effective transfer under the provisions of Rule 20, and the

transferee Court has no authority to proceed with the prosecution. Thus where, as here, approval has been given and then withdrawn, the case should be re-transferred to the District in which the indictment or information was returned against the defendant.

No authority has been cited in support of the Government's position and, insofar as we have been able to determine, no prior decision has dealt with this question. We are constrained, therefore, to determine the answer upon the wording of the Rule itself, and upon settled legal principles.

■ Defendant has a constitutional right to be tried in the District in which the offense has been committed. Constitution, Art. III, Sec. 2, par. 3; Amendment VI. Under Rule 20, however, venue will attach to a District where the defendant is arrested, other than that in which the indictment or information is pending, providing: (1) That defendant states in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or nolo contendere, to waive trial in the District in which the indictment or information is pending and to consent to disposition of the case in the District in which he was arrested; and (2) the United States Attorney for each District concerned assents. Both these conditions obtained in this case.

■ Upon receipt of the statement and approval it is mandatory that the Clerk of the Court in which the indictment or information is pending transmit the papers or certified copies thereof to the Clerk of the Court for the District in which the defendant is held. This also was done, and the matter duly filed and docketed.

■ The Rule then provides that: " * * * the prosecution shall continue in that district." In the nature of things, at some point prior to the time the Court is competent to proceed with the prosecution jurisdiction must attach. It is a general principle of law that in transferring a cause, the Court in which the action was originally commenced loses jurisdiction, and the Court to which the proceeding is transferred has and exercises over the matter the same jurisdiction as if it had been originally commenced in the District. There is a division of authority in the State Courts as to whether jurisdiction shifts immediately upon the order or not until the physical transfer of the cause is perfected. See Corpus Juris, Venue, § 350 et seq. For our problem it is immaterial whether jurisdiction attached to the Nevada Court when each condition precedent was met (i. e. request and consent) and the Clerk of the transferor Court was under a duty to transfer the papers, or not until the transfer was effected and the cause docketed. Both of these events preceded by some two weeks the attempted revocation of consent.

■ Focused from this perspective, the contention of the Government is more clearly defined. In essence, it is argued that although the transferee Court is empowered to proceed with the prosecution if a plea has not yet been entered a withdrawal of consent will strip the Court of its jurisdiction. With this I cannot agree. Just as a transferor Court no longer has jurisdiction to revoke its order changing venue, by the same measure no action of the United States Attorneys can affect the transfer. Once exercised, their power of approval or disapproval is functus officio.

■ The only divesting condition subsequent provided by the Rule is a switch of plea by the defendant to one of not guilty. The rule provides:

"If after the proceeding has been transferred the defendant pleads not guilty, the clerk (district to which transferred) shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court."

As recognized in Singleton v. Clemmer, 83 U.S.App.D.C. 107, 166 F.2d 963, this is the only eventuality as to pleas which would oust the jurisdiction of the Court. Nowhere, in the Rule itself or in the notes of the Advisory Committee, does there appear any contemplation of jurisdiction flipping about at the whim of the United States Attorneys. It would seem that such a singular change in traditional concepts of venue

if intended would have been spelled out clearly.

This construction of the Rule imposes upon the United States Attorneys no stricter duty to ascertain the facts before they act than is imposed upon the Courts under Rule 21, and under familiar State procedures.

It may be that in this case some laudatory although belated purpose of the Attorney General (not communicated to the Court) will be frustrated. I hope not. Better that, however, than that a precedent should be set enlarging the area of uncertainty and delay in judicial procedure.

The motion to retransfer is hereby denied.