**Leonard Joseph LaMAGNA,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 781, Docket 80–2265.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 23, 1981.

Decided April 9, 1981.

David Adam Reiser, Student Counsel, Yale Law School, New Haven, Conn. (Stephen Wizner, John L. Pottenger, Jr., Renee D. Chotiner, Alice Bussiere, Jerome N. Frank, Legal Services Organization, Yale Law School, New Haven, Conn., of counsel), for petitioner-appellant.

\* Honorable Edward R. Neaher, Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1. The indictment reads as follows:

Marion J. Bachrach, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., for the E. D. N. Y., Brooklyn, N. Y., of counsel; Vivian Shevitz, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for respondent-appellee.

Before FEINBERG, Chief Judge, OAKES, Circuit Judge, and NEAHER, District Judge.\*

NEAHER, District Judge:

Petitioner-appellant Leonard Joseph LaMagna, presently in federal custody, appeals from an order denying his motion, filed pursuant to 28 U.S.C. § 2255, which sought to vacate a judgment of conviction entered on his guilty plea in the United States District Court for the Eastern District of New York to an indictment originally returned in the Eastern District of North Carolina. Appellant had been arrested in the latter district on July 7, 1977, and charged with the interstate transportation of stolen Barclay's Travelers Checques of a value in excess of $5,000, in violation of 18 U.S.C. § 2314. After his indictment and preliminary proceedings in the United States District Court for the Eastern District of North Carolina, appellant, a resident of Brooklyn, N.Y., requested and consented to a transfer of the case to the Eastern District of New York for the sole purpose of pleading guilty and being sentenced in that district pursuant to Rule 20, F.R.Crim.P.

On November 15, 1977, appellant and a co-defendant appeared before Judge Platt accompanied by their privately retained counsel, Richard Rosenkranz, Esq. Prior to accepting appellant's tendered guilty plea, Judge Platt ascertained that he was then 41 years old, had two years of high school, fully understood each element of the charge in the indictment which the court had read to him [1] and the penalties for violation, and

"That on or about the 6th day of June, 1977, LEONARD JOSEPH LAMAGNA and HYMAN SHIMEL did transport in interstate commerce from the State of New York to Lumberton, North Carolina, in the Eastern

was knowingly waiving his right to require the Government to prove that charge beyond a reasonable doubt at a trial in the Eastern District of North Carolina instead of pleading guilty as required by the Rule 20 transfer. Then, as mandated by Rule 11, F.R.Crim.P., the court made explicit inquiry of appellant as to the existence of each factual element of the offense so as to ensure that there was a factual basis for the plea.[2] Finding that there was a basis, the court accepted appellant's plea and adjourned the case for sentence.

On March 16, 1978, appellant was sentenced by Judge Platt to imprisonment for five years pursuant to 18 U.S.C. § 4205(b)(2).[3] The petition before the Court on this appeal is the fifth in a series of attempts to vacate the sentence, all of which have been denied by the district court. For the reasons noted below, we find no substantial merit in appellant's latest attempt to vacate both his conviction and sentence and affirm Judge Platt's order denying such relief.[4]

■ There can be no question that Judge Platt adequately inquired into appellant's understanding of the elements of the offense and properly discharged his responsibilities under Rule 11 before taking the guilty plea. See *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977). The case having come before the court on a Rule 20 transfer from another district solely for purposes of a guilty plea, there was no occasion to make inquiry *sua sponte* into facts or circumstances which would invalidate the indictment, as appellant now suggests. Indeed, had appellant then come forward with the allegations he now makes, which would have been tantamount to a plea of not guilty, Judge Platt would have had no alternative but to return the case for trial in the Eastern District of North Carolina, "the court in which the prosecution was commenced." Rule 20(c), F.R.Crim.P.[5]

■ Turning to appellant's principal argument, we reject his contention that there was no factual basis for his plea because in his view the stolen Barclay's travelers checks were securities of a "foreign" bank which had been "forged, [or] altered," and were therefore expressly excepted from the ambit of 18 U.S.C. § 2314. The indict-

District of North Carolina, stolen securities, that is, Barclay's Traveler's Checques, having a value in excess of $5,000.00, knowing the same to have been stolen, in violation of the provisions of Title 18, United States Code, Section 2314 and Title 18, United States Code, Section 2."

2. "THE COURT: Do you understand the essential elements of the crime as I have outlined them to you; that the Government would be required to prove your guilt beyond a reasonable doubt, and that in failing to do so the jury would have the obligation of finding you not guilty?

"DEFENDANT LAMAGNA: Yes, sir.
"DEFENDANT SHIMEL: Yes, sir.

"THE COURT: Bearing that in mind, Mr. LaMagna, I will talk to you first. Did you do what you are charged with doing?

"DEFENDANT LAMAGNA: Yes, sir.

"THE COURT: [Did] you transport approximately $5,000 worth of Barclay's traveler's checks, stolen Barclay's traveler's checks down to North Carolina, and did you know at the time that they were stolen checks?

"DEFENDANT LAMAGNA: Yes, sir.
\* \* \* \* \* \*

"THE COURT: Mr. LaMagna, did you do so knowingly and willfully?
"DEFENDANT LAMAGNA: Yes, sir.
"THE COURT: Did you do it voluntarily and intentionally?
"DEFENDANT LAMAGNA: Yes, sir."

3. The statute permits imprisonment for up to ten years and/or a fine of not more than $10,-000. No fine was imposed and appellant's brief states that he was to be released on parole in February 1981 after serving less than three years of the term imposed.

4. In doing so, however, we acknowledge with appreciation the excellent representation afforded the appellant by the Jerome N. Frank Legal Services Organization at Yale Law School.

5. Since appellant, a resident of Brooklyn, N. Y., requested the transfer to the Eastern District of New York, and even sought "an order forbidding him to travel to North Carolina" where he had been arrested, this would hardly appear to have been a welcome development from his standpoint.

ment to which appellant pleaded properly set out all of the essential elements of the crime charged and did not have to negate the statutory exception. *United States v. Borland*, 309 F.Supp. 280, 290–91 (D.Del. 1970). Even assuming that appellant's own endorsement on the checks would satisfy the forgery or alteration requirement of the statutory proviso,[6] proof of such a fact would be peculiarly within the knowledge of a defendant as a possible defense, not a requisite to establish the offense. *McKelvey v. United States*, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922); *United States v. Messina*, 481 F.2d 878, 880 (2d Cir.), *cert. denied*, 414 U.S. 974, 94 S.Ct. 286, 38 L.Ed.2d 217 (1973); *United States v. Pope*, 189 F.Supp. 12, 18 (S.D.N.Y.1960). As Judge Weinfeld pointed out in *Pope*, the statutory proviso "does not change the duty imposed, but merely exempts a limited class of transactions which fall within its terms." *Id.* The exception proviso does not purport to protect a specified class of behavior, *United States v. Borland, supra*, 309 F.Supp. at 291; its purpose is the relatively technical one of meshing this particular provision with other statutes that do criminalize the conduct excepted.

Whether appellant's conduct did or did not violate § 2314 plainly required the resolution of issues of fact and the timely raising of those issues as a matter of defense. His plea of guilty, however, was an admission of all the elements of a formal criminal charge, *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969), and was itself a conviction as conclusive as a jury verdict. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). Since the indictment did not fail to charge an offense, by pleading guilty to it appellant waived all of these non-jurisdictional defenses and cannot raise them now by collateral attack.

*United States v. Doyle*, 348 F.2d 715, 718–19 (2d Cir.), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). See *United States v. Santelises*, 476 F.2d 787, 788 (2d Cir. 1973).

Appellant raises other essentially factual contentions that requires only brief comment. Contrary to his assertions, his plea was not rendered invalid because the travelers checks were not negotiable and had no value. By his plea he admitted that the checks had a value in excess of $5,000. Section 2311 expressly includes "traveler's check" in the definition of "Securities" and defines "Value" as the "face" value of any securities referred to in a single indictment. That the checks were stolen in blank does not affect their negotiability for purposes of § 2314, since they are "akin to currency as a circulating medium" and can readily be passed for value even when endorsed by thieves. *United States v. Petti*, 168 F.2d 221, 223 (2d Cir. 1948), *vacated and remanded for new trial on motion of government*, 336 U.S. 916, 69 S.Ct. 639, 93 L.Ed. 1079 (1949).

Finally, we find no support in the record for the claim that appellant did not receive effective assistance of counsel. The record reflects that he was represented by counsel of his own choosing and that he had fully discussed his plea with counsel prior to the hearing. In the absence of any corroboration from former counsel, the district court was not obliged to credit appellant's conclusory assertions as a basis for overturning a plea after four years. See *Seiller v. United States*, 544 F.2d 554, 567–68 (2d Cir. 1975). Furthermore, while there is a strong interest in assuring that persons are not convicted of crimes they did not commit, that interest does not extend in full force to a conviction based on one, rather than another statute, where, as here, a penalty as severe might have been imposed.[7]

---

6. But see *United States v. Sciortino*, 601 F.2d 680 (2d Cir. 1979), holding that a fraudulent endorsement alone does not render a security "forged" within the meaning of § 2314.

7. While appellant contended that his offense was properly punishable under 18 U.S.C. § 480 (possessing counterfeit foreign obligations or securities), which provides for a maximum of one year imprisonment and/or a fine of $1,000,

The order of the district court is affirmed.

he overlooks § 478 which provides a penalty of up to five years imprisonment and/or a fine of up to $5,000, for forging or altering foreign obligations or securities.