**UNITED STATES of America, Plaintiff,**

v.

**$15,896.00 IN U. S. CURRENCY, Defendant.**

**No. 82–CV–270.**

United States District Court, N. D. New York.

June 18, 1982.

Gustave DiBianco, U. S. Atty., Syracuse, N. Y., for plaintiff; David R. Homer, Asst. U. S. Atty., Albany, N. Y., of counsel.

Kevin K. Ryan, Plattsburgh, N. Y., Atty. for Chul Jea Cho.

MEMORANDUM–DECISION and ORDER

MINER, District Judge.

**I**

This an action in rem to enforce the forfeiture of defendant Currency pursuant to the provisions of 31 U.S.C. § 1102. The jurisdiction of this Court is invoked under the authority of 28 U.S.C. §§ 1345 and 1355. One Chul Jea Cho (hereinafter "Chul") has filed a claim for the defendant property and has answered the complaint filed by the plaintiff. Although Chul has failed to specify the nature of his motion now before the Court, it appears from the relief requested that he seeks summary judgment. Fed.R.Civ.P. 56. Also before the Court is plaintiff's cross-motion for summary judgment.

**II**

Chul is a naturalized citizen of Canada, and has resided there for approximately 10 years. Having originally emigrated from Korea, he presently owns and operates grocery stores in Canada. On February 11, 1982, he entered the United States by bus at the Port of Entry, Champlain, New York. In response to an inquiry respecting the possession of currency in excess of $5,000, 31 U.S.C. § 1101, Chul reported $4,896 in Canadian currency carried in his wallet. A subsequent search revealed an additional $11,000 in American currency sewn into the inside pocket of the jacket he was wearing. Chul thereupon was arrested and charged with failure to report the transportation of the hidden currency. He appeared before U. S. Magistrate Van Acker at Rouses Point and was released in his own recognizance. The currency was seized

pending institution of forfeiture proceedings.

On February 25, 1982, Chul, then represented by counsel, again appeared before Magistrate Van Acker. He entered a plea of guilty to the charge and was fined the sum of $250. On February 17, 1982, prior to his plea, Chul was informed by letter from the District Director, U. S. Customs Service at Ogdensburg, N.Y. of his right to seek administrative relief from the forfeiture. Details of the procedure to be followed in making such a petition were furnished in a written enclosure to the letter. A form was provided whereby Chul could waive referral of the matter to the U. S. Attorney for institution of forfeiture proceedings and elect administrative consideration instead. In a responsive letter dated March 3, Chul's attorney requested referral to the U. S. Attorney and the request was acknowledged by the Customs Director on March 16, 1982.

### III

Chul now alleges that he did not knowingly mislead the Customs officials as to the full amount of money he was carrying. He claims that his unfamiliarity with the English language led to difficulties in answering the verbal questions he may have been asked regarding money in his possession. Although he acknowledges signing a written declaration, "he believes the boxes that were marked in the written declaration were done so by a customs officer as the customs officer was questioning [him]." (¶ 10, Affidavit of Chul, sworn to April 23, 1982).

According to Chul, the money taken from him represents the proceeds from the sale of a grocery store, one of three he owned and operated in Montreal. He asserts that he never has been arrested or charged with a crime and that forfeiture "would be unreasonable, and unjust in light of [his] contention that the incident at the United States Immigrations and Customs Station in Champlain, New York, on February 11, 1982, is based upon a misunderstanding and language problem between [Chul] and customs and immigration officials." (¶ 14, Chul Affidavit).

### IV

Monetary instruments in excess of $5,000, transported into the United States without the filing of the reports required by statute, 31 U.S.C. § 1101(a), are subject to seizure and forfeiture to the United States. 31 U.S.C. § 1102(a). Chul's plea of guilty to the offense of failure to report, 31 U.S.C. § 1058, constitutes an admission of all the elements of the criminal charge, *LaMagna v. United States*, 646 F.2d 775 (2d Cir. 1981), and establishes his knowledge of the reporting requirement and his intentional violation of the duty to report. *United States v. Warren*, 612 F.2d 887 (5th Cir. 1980), *cert. denied*, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815. Accordingly, Chul is barred by collateral estoppel from making any claim in this action that there was a misunderstanding or lack of intent with respect to the written declaration of currency in his possession. *United States v. $31,697.59 Cash*, 665 F.2d 903 (9th Cir. 1982).

Moreover, the Court is without jurisdiction to remit all or any part of the forfeiture, and Chul's argument that the Court has such power is rejected. Only the Secretary of the Treasury is vested with the discretion to remit any forfeiture, in whole or in part, and upon such terms as he may deem just. 31 U.S.C. § 1104. Chul rejected the opportunity to seek such remission, and the Court cannot now relieve him from the consequences of that decision. *Ivers v. United States*, 413 F.Supp. 394 (N.D.Cal. 1975), *rev'd in part on other grounds*, 581 F.2d 1362 (9th Cir. 1978); *see Associates Investment Co. v. United States*, 220 F.2d 885, 888 (5th Cir. 1955); *see also United States v. Heckinger*, 163 F.2d 472, 474 (2d Cir. 1947).

In light of the foregoing, there is no genuine issue as to any material fact remaining for trial, and the plaintiff is entitled to summary judgment of forfeiture as a matter of law. Fed.R.Civ.P. 56(c).

It is so Ordered.