**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Khurshid Aslam KHAN, Defendant-Appellee.**

**No. 86–5656.**

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1987.

Decided June 30, 1987.

John Stuart Bruce, Asst. U.S. Atty., Raleigh, N.C., for plaintiff-appellant.

Robert Ellis Zaytoun (Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell, Raleigh, N.C., on brief) for defendant-appellee.

Before HALL, and SPROUSE, Circuit Judges, and TIMBERS, Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

K.K. HALL, Circuit Judge:

In this unusual case, the United States of America appeals an order of the district court entering a judgment of acquittal in favor of the defendant, Khurshid Aslam Khan ("Khan"), on charges of aiding and abetting the presenting of a false petition to the Immigration and Naturalization Service in violation of 18 U.S.C. § 1546. Because we conclude that the district court exceeded the scope of its jurisdiction and that a judicial reconsideration of the charges against the defendant will not offend the constitutional protection against double jeopardy, we reverse and remand.

## I.

On November 6, 1985, a federal grand jury sitting in the Western District of Texas, San Antonio Division, returned an indictment charging the defendant/appellee with a number of criminal violations result-

ing from an alleged effort to arrange a sham marriage for his brother, a non-citizen.[1] At the time of his indictment, Khan was stationed at Seymour Johnson Air Force Base near Goldsboro, North Carolina, where he was a sergeant in charge of the ground safety section at the Base.[2]

On November 21, 1985, Khan appeared before a United States Magistrate in the Eastern District of North Carolina, where he waived removal to the Western District of Texas. Negotiations subsequently ensued between Khan's attorney and the United States Attorney for the Western District of Texas. A plea agreement was reached whereby Khan agreed to plead guilty to count two of the indictment. In return, the government agreed to dismiss the remaining counts and to make no recommendation as to sentence. The government also agreed to a transfer of the case to North Carolina for disposition pursuant to Fed.R.Crim.P. 20(a).[3] Following the transfer, the plea agreement was reduced to writing and signed by Khan, his attorney and an Assistant United States Attorney.

On March 3, 1986, Khan appeared in district court in North Carolina for the purpose of entering his plea to the Texas indictment. The court conducted the inquiry required by Fed.R.Crim.P. 11 and concluded that the plea was entered freely and voluntarily. The district court further found that there was a factual basis for the plea and directed that a presentence report be prepared. Sentencing was delayed pending completion of the presentence investigation by the probation department.

Khan's sentencing was eventually set for June 9, 1986. At that time it became apparent that the district court entertained some doubt regarding whether the defendant had actually committed the offense with which he was charged.[4] In a sidebar conference the court informed the parties that it was considering allowing a change of plea to nolo contendere.[5] In response, the government contended that because the case was before the court pursuant to a Rule 20 transfer, the United States Attorney for the Western District of Texas would have to be consulted before it could acquiesce to the court's suggestion. The court then continued the matter, directing the parties to make "further investigations" and to let the court "know when they are ready to proceed...."

The defendant's case ultimately came on for disposition on July 2, 1986. By this time the court was in receipt of a letter stating the opposition of both the United States Attorney for the Eastern District of North Carolina and his counterpart in the Western District of Texas to any change of plea. The government maintained that the court's only options were either to proceed

---

1. Khan was charged on a three-count indictment with (1) conspiring to present false claims and statements to the Immigration and Naturalization Service, in violation of 18 U.S.C. § 371; (2) aiding and abetting the presenting of a false petition to the Immigration and Naturalization Service, in violation of 18 U.S.C. §§ 1546 and 2; and (3) aiding and abetting the making of a false statement within the jurisdiction of a federal agency, in violation of 18 U.S.C. §§ 1001 and 2.

2. Khan is a native of Pakistan who has been a United States citizen since 1972. At the time of his indictment he was a fifteen-year veteran of the United States Air Force with a commendable record of service.

3. Fed.R.Crim.P. 20(a) provides in pertinent part that:

A defendant arrested, held, or present in a district other than that in which an indict-

ment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which he was arrested, held, or present, subject to the approval of the United States attorney for each district.

4. Although Khan agreed to enter a plea of guilty, he has consistently asserted his innocence of the charges contained in the Texas indictment. The authority of the court to accept a guilty plea in such circumstances was recognized in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

5. The sidebar conference was not recorded. The parties, however, are in essential agreement with regard to the substance of the court's comments.

with sentencing based on the guilty plea or to return the case to Texas for trial.

The court, however, elected to conduct an expanded hearing. Testimony was received from a character witness for the defendant at the court's request. The government declined to cross-examine the character witness. The court also requested that Khan testify. In response to inquiries posed by his counsel and by the court, Khan continued to insist that he was innocent notwithstanding his willingness to plead guilty. The government also declined to cross-examine the defendant.

At the conclusion of the July 2, 1986, hearing, the district court *sua sponte* withdrew Khan's plea of guilty and substituted a plea of nolo contendere. The court then stated that upon consideration of the evidence offered by the defendant and of the presentence report, it was "of the opinion that no jury in this State or Texas either one, in view of the exhibits and evidence before this court at this time would ever have found this man guilty of this offense."

The court then directed that a judgment of not guilty be entered in Khan's case. In a written judgment dated July 2, 1986, the court found the defendant not guilty of all charges set forth in the indictment and discharged him from the offenses contained in the indictment.

This appeal followed.

## II.

The government contends that by allowing Khan to withdraw his guilty plea, the district court sanctioned a breach of the agreement reached in conjunction with the Rule 20 transfer. The government argues that when the guilty plea was withdrawn, the court was deprived of further jurisdiction over the case and was required by Rule 20(c) [6] to return the case to Texas for trial.

In response, Khan argues that Rule 20(c) requires a return to the indicting district only when the defendant's plea is changed to not guilty. Khan further argues that even if the district court misinterpreted Rule 20, its entry of judgment was a determination on the merits that cannot be relitigated without violating the constitutional protection against double jeopardy. Indeed, Khan maintains that this Court is without jurisdiction to consider this appeal because the government lacks the statutory authority to challenge the action below.[7]

The factual circumstances in this case appear to raise an issue of first impression. We are aware of no case in which a court has treated a matter before it pursuant to Rule 20 in this fashion. It is immediately apparent, however, that the contentions of the government and Khan are inextricably intertwined. If, as the government argues, the district court's jurisdiction pursuant to Rule 20 was limited to accepting a guilty plea and imposing sentence, then any further action would necessarily have exceeded that jurisdiction. It logically follows that, if the district court was without jurisdiction to determine Khan's actual guilt or innocence, its judgment of acquittal would be a nullity that can have no double jeopardy implications. On the axiom that a court always has jurisdiction to determine its jurisdiction, we must first examine the transfer procedures under Rule 20 before we can assess the constitutional propriety of further proceedings against the defendant.

---

6. Fed.R.Crim.P. 20(c) provides in pertinent part:

    **(c) Effect of Not Guilty Plea.** If after the proceeding has been transferred pursuant to subdivision (a) or (b) of this rule the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced, and the proceeding shall be restored to the docket of that court. The defendant's statement that he wishes to plead guilty or nolo contendere shall not be used against him.

7. The government's right to appeal in a criminal matter is stated in 18 U.S.C. § 3731 as follows:

    In a criminal case an appeal by the United States shall lie to the court of appeals from a decision, judgment or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, *except that no appeal shall lie when the double jeopardy clause of the United States Constitution prohibits further prosecution.* (Emphasis added).

A criminal defendant possesses the right under Article III, section 2 of the Constitution to be tried "in the State where the said crimes shall have been committed." Rule 20 was adopted as a mechanism whereby a defendant arrested in a district other than the one where the crime was committed could waive his constitutional right and obtain a prompt disposition of his case without transfer. To guard against the possibility of abuse by forum shopping defendants, the rule requires that the United States Attorneys in both the transferor and transferee districts consent to the procedure. *See* 2 C. Wright, *Federal Practice and Procedure* § 321 (1982).

█ The unmistakable assumption underlying Rule 20 is that a transfer will occur only when a defendant first concedes criminal culpability thereby waiving any trial on the charges. The transfer is then purely for the purpose of imposing sentence. Subject matter jurisdiction is, thereby, shifted from the charging district to the transferee district for the narrow purpose envisioned in the rule. *Perry v. United States*, 432 F.Supp. 645, 648 (M.D.Fla. 1977). A subsequent attempt by a defendant to change his plea to not guilty instantly divests the transferee court of subject matter jurisdiction and requires that the proceedings be returned "to the court in which the prosecution was commenced." Fed.R.Crim.P. 20(c). *See LaMagna v. United States*, 646 F.2d 775, 777 (2nd Cir. 1981).

█ Appellee argues, however, that he did not change his plea. He points out that the change to nolo contendere was made *sua sponte* by the district court and that in any event the altered plea did not fall within the divesting conditions provided in Rule 20(c). We are unpersuaded by this argument.

Whether the plea change originated with the appellee or with the court, Khan did not protest the change and obviously seeks to reap any benefits attendant to it. In such circumstances, appellee cannot seriously claim that he has not changed his plea.

We also see no significance in the fact that Khan's plea was changed to nolo contendere rather than not guilty. A plea of nolo contendere is "an admission of guilt," *United States v. Dorman*, 496 F.2d 438 (4th Cir.1974), that "has the effect of a plea of guilty," *United States v. Consentino*, 191 F.2d 574 (7th Cir.1951). In this instance, however, the district court clearly treated nolo contendere as the functional equivalent of a not guilty plea.

The dictates of the Rules of Criminal Procedure and the proper limits on the subject matter jurisdiction of the district court cannot be evaded by artful terminology. Regardless of the labels attached to the action below, there can be no doubt that the district court sought to determine the merits of the charges against Khan, a goal that clearly exceeded the limits of the delegated jurisdiction under Rule 20. This cannot be permitted.

█ As we previously indicated, our conclusion that the entry of acquittal in this case violated Rule 20 also resolves appellee's allegations of double jeopardy. Any determinations made by a Rule 20 transferee court beyond those necessary for the acceptance of the plea and the imposition of sentence are without legal effect. Khan has not been sentenced pursuant to a guilty plea nor has he been put to a trial on the merits by a court of appropriate jurisdiction.[8] There can be no double jeopardy if the initial jeopardy has never been terminated.

### IV.

We conclude, therefore, that the judgment of the district court must be reversed and this case remanded for further proceedings consistent with this opinion. On remand, the district court must either rein-

---

**8.** Appellee bases his double jeopardy contentions upon cases such as *United States v. Ember*, 726 F.2d 522 (9th Cir.1984), in which a court with jurisdiction erroneously entered an order of acquittal. Those decisions are inapposite in the jurisdictional context presented by Rule 20 transfer.

state appellee's guilty plea or return the case to Texas for trial.

REVERSED AND REMANDED.