19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford Alan TRAGESER, Defendant-Appellant.
 No. 93-5338.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 7, 1994.
Decided March 7, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-92-73).
 Kevin D. Mills, Martinsburg, W VA, for appellant.
 William A. Kolibash, U.S. Atty., Sherry L. Muncy, Asst. U.S. Atty., Elkins, W VA, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Clifford Alan Trageser pled guilty to bank robbery, in violation of 18 U.S.C.A. Sec. 2113(a) (West Supp.1993). On appeal, Trageser's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting four issues but stating that, in his view, there are no meritorious issues for appeal. Trageser was notified of his right to file a supplemental brief raising any additional issues he wished considered, but he has failed to do so. After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 Counsel first contends that the district court erred in overruling his fourteen objections to Trageser's presentence investigation report. Our review of the record and counsel's objections, which were predominately factual in nature, reveals no clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989) (standard of review). Moreover, contrary to counsel's arguments, the sentencing court could and did properly consider reliable and relevant hearsay statements contained in the presentence report. United States v. Roberts, 881 F.2d 95, 106-07 (4th Cir.1989). We affirm the district court's disposition of those objections.
 
 
 3
 Two of the issues argued in counsel's brief--the district court's failure to conduct new proceedings, pursuant to Fed.R.Crim.P. 11, 20, after the second transfer of this case from the District of Maryland to the Northern District of West Virginia,* and the court's reliance on information of questionable accuracy in Trageser's presentence report--are raised for the first time on appeal. Those issues are, therefore, forfeited for purposes of appellate review unless they constitute plain error. Fed.R.Crim.P. 52(b); United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). We find the district court complied with the dictates of both Rule 11 and Rule 20, confirmed both before and after the second transfer that Trageser's guilty plea was knowing and voluntary, and gave Trageser repeated opportunities to withdraw his plea with no adverse consequences. The court's failure to repeat prior valid proceedings was not plain error. There is also nothing in the record to indicate that the information in Trageser's presentence report was inaccurate or that the court's reliance thereupon was somehow unreasonable. Hence, as these alleged errors neither infringe Trageser's "substantial rights," Fed.R.Crim.P. 52(b), nor present the possibility of a "miscarriage of justice," United States v. Young, 470 U.S. 1, 15 (1985), we find the court did not commit plain error in its handling of these matters.
 
 
 4
 Finally, counsel raises the issue of ineffective assistance of counsel. We decline to address that claim, because this is not a case in which ineffectiveness is apparent from the record. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). The issue of ineffective assistance is best reserved for a subsequent motion under 28 U.S.C.Sec. 2255 (1988).
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A.Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 After being indicted for bank robbery and two other related counts by a federal grand jury in Maryland and arrested in West Virginia, Trageser consented to disposition of this case in West Virginia under Rule 20. The West Virginia district court tentatively accepted Trageser's guilty plea, but later returned the case to Maryland when the Government moved for dismissal of the other charges. Fed.R.Crim.P. 20(c); see United States v. Khan, 822 F.2d 451, 455 (4th Cir.1987) (subsequent attempt to void guilty plea divests transferee court of subject matter jurisdiction). The Maryland district court dismissed the other charges and returned the remaining bank robbery charge to West Virginia for disposition