101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dania Obdulia ALVAREZ, Defendant-Appellant.
 No. 95-1583.
 United States Court of Appeals, Second Circuit.
 April 23, 1996.
 
 1
 Appearing for Appellant: Dania Obdulia Alvarez pro se, Alderson, W.Va.
 
 
 2
 Appearing for Appellee: David L. Wales, Ass't U.S. Att'y, SDNY, N.Y., N.Y.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before KEARSE, ALTIMARI, Circuit Judges and JOHNSON, Jr., District Judge*.
 
 
 6
 Appeal from the United States District Court for the Southern District of New York.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was submitted by defendant pro se and counsel for appellee.
 
 
 8
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the June 29, 1995 order of said District Court be and it hereby is affirmed.
 
 
 9
 Defendant pro se Dania Obdulia Alvarez, convicted, following her plea of guilty, of distributing and possessing with intent to distribute heroin, and sentenced principally to 63 months' imprisonment, appeals from an order of the United States District Court for the Southern District of New York, Louis L. Stanton, Judge, denying her motion for a reduction of sentence. On appeal, Alvarez contends that the district court should have granted her a reduction of sentence on the grounds of her acceptance of responsibility, her role in the offense, and the government's lack of proof as to her guilt. None of these arguments is properly before us.
 
 
 10
 Alvarez's contention that the government lacked sufficient evidence to convict her was waived by her plea of guilty. See, e.g., Hayle v. United States, 815 F.2d 879, 881 (2d Cir.1987) (a defendant who pleads guilty admits her guilt, waives all nonjurisdictional defenses, and may not assert such defenses by way of collateral attack); LaMagna v. United States, 646 F.2d 775, 778 (2d Cir.) (same), cert. denied, 454 U.S. 898 (1981).
 
 
 11
 Alvarez's challenges to her sentence are foreclosed by her plea agreement with the government, as set forth on the record on September 14, 1993. In that agreement, Alvarez stipulated, inter alia, that she was not entitled to an offense-level reduction for acceptance of responsibility or for her role in the offense. Further, she agreed that she would not appeal her sentence if it fell within the range of 63-78 months. Since Alvarez's term of imprisonment was 63 months, her plea bargain precludes appellate review of her sentence. See, e.g., United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.) (per curiam), cert. denied, 113 S.Ct. 3060 (1993).
 
 
 12
 Accordingly, Alvarez's present contentions are barred, and the order of the district court is affirmed.
 
 
 
 *
 Honorable Sterling Johnson, Jr., of the United States District Court for the Eastern District of New York, sitting by designation