101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Abiodun GIWAH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2691.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 Appearing for Appellant: Abiodun Giwah pro se, Fort Dix, N.J.
 Appearing for Appellee: Cyril Hyman, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WINTER and CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by petitioner pro se and by counsel for respondent.
 
 
 1
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.
 
 
 2
 Petitioner pro se Abiodun Giwah appeals from an order of the United States District Court for the Eastern District of New York, John R. Bartels, Judge, dismissing his petition pursuant to 28 U.S.C. § 2255 to vacate his conviction on the principal grounds that the sentencing court relied on erroneous information in imposing sentence and that his attorney provided constitutionally ineffective assistance by failing to move to suppress evidence. Finding all of Giwah's arguments to be either procedurally barred or without merit, we affirm the district court's order.
 
 
 3
 Giwah's contention that the sentencing court relied on misinformation is barred by his failure to appeal from the judgment of conviction. In order to raise this argument in his present petition, he was required to show, inter alia, cause for his failure to raise the claim on direct appeal. See, e.g., Femia v. United States, 47 F.3d 519, 524 (2d Cir.1995); Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). He has made no such showing.
 
 
 4
 Giwah's contention that he was denied effective assistance of counsel by reason of his attorney's failure to move to suppress evidence provides no ground for relief because, inter alia, (a) the district court records indicate that such a motion was made, and (b) Giwah waived his right to challenge any seizure of evidence when he entered his plea of guilty, see, e.g., Hayle v. United States, 815 F.2d 879, 881 (2d Cir.1987) (a defendant who pleads guilty admits his guilt, waives all nonjurisdictional defenses, and may not assert such defenses by way of collateral attack); LaMagna v. United States, 646 F.2d 775, 778 (2d Cir.) (same), cert. denied, 454 U.S. 898 (1981).
 
 
 5
 We have considered all of Giwah's arguments that are properly before us and have found them to be without merit.
 
 
 6
 The order dismissing the petition is affirmed.