**UNITED STATES of America**

v.

**Maria TORRES, Defendant.**

**No. 05 CR. 937(VM).**

United States District Court,
S.D. New York.

Nov. 21, 2005.

Irving Cohen, New York, NY, for Defendant.

Jillian Blythe Berman, U.S. Attorney's Office, New York, NY, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

This case was transferred from the Southern District of Florida to the Southern District of New York under Federal Rule of Criminal Procedure 20(a) ("Rule 20(a)") for a guilty plea and sentencing. As required by Rule 20(a), the defendant, Maria Torres ("Torres"), stated in writing that she wished to plead guilty, consented to transfer of the case, and waived trial in the district where the indictment was pending. (*See* Consent to Transfer of Case for Plea and Sentence, dated April 28, 2005, Docket No. 1.) Also as required by Rule 20(a), U.S. Attorneys from both districts approved the transfer in writing. (*See id.*) The Southern District of New York received the transfer on September 9, 2005. (*See* Docket No. 2.) After the transfer, Torres was appointed a new CJA attorney, who by letter dated October 28,

2005 requested that this Court order a mental examination to evaluate Torres's competency to appreciate and understand the consequences of entering the proposed plea. By letter dated October 31, 2005, the Government opposed such an order, arguing that if Torres is not entering a guilty plea, then the Court lacks jurisdiction over the matter and the case must be transferred back to the Southern District of Florida. According to the Government, under Rule 20, this Court has jurisdiction over the matter *only* for purposes of taking a guilty plea and for sentencing. The Government points out that under Rule 20(c), if a defendant pleads not guilty after a case is transferred under Rule 20, the case must be returned to the docket of the transferor court.

The Court granted Torres's request for a conference on November 10, 2005 for discussion of the issue. At the conference, Torres's counsel stated that he did not oppose transferring the case back to the Southern District of Florida should the results of the exam indicate that Torres was not competent to plead guilty, but that, based on conversations with his client, he had legitimate concerns about her ability to so plead. According to Torres's counsel, he had become aware of longstanding mental health problems with Torres, including a history of bipolar disorder, anxiety, and depression. He also stated that there seemed to be a defense in the case, and since the charges had a mandatory minimum of five years imprisonment, he felt it was a triable case with no downside. He therefore became concerned with why Torres would plead guilty, and stated that he was not sure of her level of understanding at the time she signed the agreement consenting to the transfer. He also expressed concern that a transfer back to Florida would pose extreme hardship on Torres, who resides in New York and receives mental health treatment in New York, and who was in Florida at the time of her arrest for the underlying offense only as the result of a stopover on a flight from the Dominican Republic to New York.

After consideration of Rule 20 and case law interpreting it, as well as oral argument presented by the Government and Torres on November 10, 2005, the Court concludes, for the reasons elaborated below, that it should not order a mental examination of Torres prior to acceptance of her guilty plea. Instead, as it became apparent to the Court during the hearing that Torres is not in a position to proceed with a guilty plea at this time absent further medical inquiry, the Court must order that the case be returned to the docket of the transferor court in the Southern District of Florida.

## I.  *DISCUSSION*

### A.  *FEDERAL RULE OF CRIMINAL PROCEDURE 20*

Under Federal Rule of Criminal Procedure 20(a), "[a] prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:

(1) the defendant states in writing a wish to *plead guilty* or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and

(2) the United States attorneys in both districts approve the transfer in writing."

Fed.R.Crim.P. 20(a) (emphasis added).

Under Rule 20(c), "[i]f the defendant *pleads not guilty* after the case has been transferred under Rule 20(a), the clerk

must return the papers to the court where the prosecution began, and that court must return the proceeding to its docket." Fed. R.Crim.P. 20(c) (emphasis added).

■ Rule 20(c), therefore, requires that a plea of not guilty result in an immediate return of the case to the transferor court. The Government's position here is that by requesting a mental examination prior to pleading guilty, Torres is in effect withdrawing her guilty plea, so that under Rule 20(c) the case must be returned to the original court. However, Torres indicated at the hearing that she was not necessarily withdrawing her plea, but rather, as may be indicated by Rule 11, wanted a mental examination prior to deciding whether she is fully competent to proceed with her plea. Theoretically that position does not, yet, manifest a clear indication of an unwillingness to plead. *Cf. United States v. Casallas,* 59 F.3d 1173, 1178 n. 9 (11th Cir.1995) ("Once [Defendant] indicated an unwillingness to plead, Rule 20 required that he be returned to Texas for trial."). Torres, therefore, has not pled not guilty, but instead is asking for a mental examination prior to so doing.

The language of Rule 20 does not address the situation in this case: the transferor court determining mental competency to enter a guilty plea prior to effectuating the transfer of the case. Nor do the Advisory Committee Notes accompanying Rule 20 address the precise issue.

## B. *RULE 20 BARS THE TRANSFER-EE COURT FROM CONSIDERING THE MERITS OF THE GUILTY PLEA OR INDICTMENT*

Although the language of Rule 20 does not address the situation in this case, case law has made it clear that a court that has received a case pursuant to a Rule 20 transfer may not consider the merits of that case, including the merits of the in-

dictment and the plea. For example, in *LaMagna v. United States,* the defendant had been transferred from the Eastern District of North Carolina to the Eastern District of New York pursuant to Rule 20, and had pled guilty. Subsequently, he filed a motion to vacate the plea for lack of factual basis and invalid indictment. The district court denied his motion, and the Second Circuit affirmed. 646 F.2d 775 (2d Cir.1981). In so doing, the Circuit Court observed that since the case came before the court on a Rule 20 transfer "solely for purposes of a guilty plea, *there was no occasion to make inquiry sua sponte into facts or circumstances which would invalidate the indictment,* as appellant now suggests. Indeed, had appellant then come forward with the allegations he now makes, which would have been tantamount to a plea of not guilty, [the district court] would have had no alternative but to return the case for trial...." 646 F.2d at 777 (emphasis added).

Similarly, in *United States v. Khan,* a district court was reversed for improperly delving into the merits of a case after a Rule 20 transfer. 822 F.2d 451 (4th Cir. 1987). After receiving the transfer under Rule 20 for a guilty plea, the district court expressed doubt as to the defendant's guilt, ordered an expanded hearing, received testimony from a character witness for the defendant as well as from the defendant himself, and, upon conclusion of the hearing, *sua sponte* withdrew the guilty plea, substituted a plea of nolo contendere, and acquitted. *Id.* at 453–54. The Fourth Circuit reversed, holding that after a Rule 20 transfer, any attempt by defendant to change his plea to not guilty "instantly divests the transferee court of subject matter jurisdiction and requires that the proceedings be returned 'to the court in which the prosecution was commenced.'" *Id.* at 455. (quoting Fed. R.Crim.P. 20(c)). According to the Fourth

Circuit, "[t]he unmistakable assumption underlying Rule 20 is that a transfer will occur only when a defendant first concedes criminal culpability thereby waiving any trial on the charges. The transfer is then purely for the purpose of imposing sentence. Subject matter jurisdiction is, thereby, shifted from the charging district to the transferee district for the narrow purpose envisioned in the rule." *Id.* The Court further held, in rejecting the defendant's argument that relitigation of the charges would impose double jeopardy, that "[a]ny determinations made by a Rule 20 transferee court beyond those necessary for the acceptance of the plea and the imposition of sentence are without legal effect." *Id.*

■ It is clear from these cases that proceedings in the transferee court after a Rule 20 transfer are to be narrowly limited, and that the district court may not consider the merits of the case, whether by examining the plea or by questioning the validity of the indictment. Framed this way, the question presented is whether Torres's request for a mental examination goes to the merits of her case.

C. *WHETHER ORDERING A MENTAL EXAMINATION OF TORRES PRIOR TO ACCEPTANCE OF HER GUILTY PLEA IMPERMISSIBLY IMPLICATES THE MERITS OF THE PLEA AND THE INDICTMENT*

■ On the one hand, evaluating Torres's ability to enter the guilty plea does not go to the merits, but instead is more like a necessary procedural precondition to accepting the guilty plea. *See Khan,* 822 F.2d at 455 ("Any determinations made by a Rule 20 transferee court *beyond those necessary for the acceptance of the plea* and the imposition of sentence are without legal effect.") (emphasis added). Arguably the examination falls under the Court's

Rule 11 duties to ensure that a plea is knowingly and voluntarily made. Rule 20 does not eliminate the Court's Rule 11 duties. *See In Re Arvedon,* 523 F.2d 914, 916 (1st Cir.1975) ("Rules 11 and 20 should be read in harmony with one another. The court is, of course, not obliged to accept an involuntary or improvident plea of guilty because the defendant comes before it on a Rule 20 transfer.") (internal citations omitted); 2 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 323 (Westlaw 2005) (hereinafter "Wright & Miller") ("The usual procedures of Rule 11 apply to accepting such a [Rule 20] plea.... Neither [a guilty or nolo contendere] plea can be accepted without first addressing the defendant personally and determining that the plea is made voluntarily and that the defendant understands his rights and the consequences of the plea."); *cf. LaMagna,* 646 F.2d at 777 (after case transferred under Rule 20, defendant appeared before judge who then, "as mandated by Rule 11, F[ed]. R.Crim. P., ... made explicit inquiry of appellant as to the existence of each factual element of the offense so as to ensure that there was a factual basis for the plea."). Whether a defendant is competent to enter a plea clearly is part of what this Court must ascertain under Rule 11 prior to accepting such a plea.

Moreover, a transferee court's ordering a psychiatric examination prior to accepting a guilty plea under Rule 20 is not without precedent. Both the Supreme Court and a Circuit Court have noted the occurrence of such a procedure, albeit without addressing its validity. First, in *Greenwood v. United States,* the Supreme Court noted that after a defendant had been transferred under Rule 20, the district judge in the transferee court, at the suggestion of appointed counsel, ordered a psychiatric examination. 350 U.S. 366, 369, 76 S.Ct. 410, 100 L.Ed. 412 (1956).

Then, after a hearing in which the examining psychiatrist testified that it was doubtful that petitioner could have fully understood the significance of his waiver of trial in the original district, the court remanded the case to the original district for disposition (where subsequent proceedings resulted in the state taking the defendant into custody). *Id.* at 369–70, 76 S.Ct. 410. Second, in *Hollis v. United States,* the Eighth Circuit noted that after a Rule 20 transfer, the transferee court granted the *government's* oral motion for a psychiatric examination of the defendant. 687 F.2d 257, 258 (8th Cir.1982). The court reviewed the psychiatrist's report, concluded that the defendant was competent, and accepted the defendant's guilty plea. *Id.* Thus, following these cases, the Court could order a mental examination, and if the court determines as a result of the mental examination that Torres's guilty plea would be involuntary or made without full understanding, the court can return the papers to the transferor court. *See* Wright & Miller § 323 ("If ... the court should determine that a guilty plea is involuntary or made without full understanding ... the clerk must return the papers to the court in which the prosecution was commenced and the proceeding is restored to the docket of that court.").

On the other hand, a consideration of Torres's mental competency to enter the plea could implicate the merits of the indictment itself if the results of the examination suggest that she is not mentally competent and that such competence stretches further back in time, perhaps even to the time of the commission of the crime. Torres agrees that if the results of the competency exam ultimately go to the legal responsibility for the crime, the district court in Florida should handle the case.

It is not clear to this Court that the results of Torres's mental examination could be confined to her ability to enter the plea *today,* without any implication as to her competency earlier in time, particularly in light of Torres's counsel's refusal to stipulate during the hearing that the results of the competency exam would not be used to question whether she was competent at an earlier point in time. The concerns raised by Torres's counsel regarding Torres's lengthy history of mental health issues suggest a longstanding competency issue that cannot clearly be confined to the issue of whether her plea would be knowing and voluntary if entered today. Of course, the Court cannot prejudge the outcome of a competency exam ordered under Rule 11. However, the facts suggest that this issue is not likely to be resolved upon completion of a mental examination ordered now—particularly since Torres would not—and indeed, could not—stipulate in advance to limit the result of the competency exam.

Moreover, if the parties disagreed upon the conclusions to be drawn after such a competency exam, there would likely be briefings and more argument, presumably all not envisioned by Rule 20(a).

█ The Court recognizes the awkward intersection of its Rule 11 duties with its Rule 20 restraints. As noted, Rule 20 does not eliminate the Court's Rule 11 obligations. However, the circumstances of this case indicate that on balance, the competency issue raised here goes to a deeper assessment of the merits than is envisioned by and proper under Rule 20. This conclusion follows especially in light of Torres's inability to stipulate that the results of the inquiry would be limited to Torres's competency at present, and her counsel's indication that Torres might have a viable defense. Any proceeding to delve further into these matters would represent an inquiry "into facts or circumstances

which would invalidate the indictment." *LaMagna,* 646 F.2d at 777.

### D. *COMPETENCY TO CONSENT TO A RULE 20 TRANSFER*

■ Even if the results of a court-ordered mental examination could be confined artificially to an inquiry that would not at all implicate the merits of the underlying charges against her, Torres's request for the mental exam implicates an issue that should have been addressed prior to the transfer: the ability of Torres to have stated in writing a wish to plead guilty and to have consented to the transfer of venue. Torres's counsel himself raised questions about Torres's level of understanding at the time of signing the transfer agreement. If this issue needs to be addressed (and the circumstances of this case suggest that it does) it should be done in the first instance by the Southern District of Florida.

### E. *EFFECT ON TORRES*

The Court recognizes the hardship that its decision may entail for Torres, in that Torres lives in New York, receives health care in New York, and has no connection to Florida other than an arrest that apparently occurred in Florida solely because the plane on which she was traveling stopped there on its way to New York. However, these inequities do not change the reality that the request Torres makes of this Court, at least under the circumstances presented here, would require the Court to step beyond the boundaries of what Rule 20 envisions and allows.

The Court is hopeful that any such inequities can be resolved by, for example, an agreement among the parties that any mental examination of Torres take place in New York rather than Florida, and, should Torres decide to not plead guilty but to proceed with trial, that the transferee court would be receptive to a request by Torres for transfer for trial in New York

under Rule 21(b), which provides that, "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Fed.R.Crim.P. 21(b).

■ The Court is also mindful that Rule 20 was designed in part for the convenience of the defendant. *See* Fed.R.Crim.P. 20, Advisory Committee Notes ("This rule ... reliev[es] [Defendant] of whatever hardship may be involved in a removal to the place where the prosecution is pending."); *In re Arvedon,* 523 F.2d at 916 ("The purpose of Rule 20 is to benefit defendants by sparing them the hardships associated with appearance and trial in another jurisdiction."). However, the defendant's hardship is neither an absolute standard nor the only consideration the Court must weigh. Because the Rule, as written, allows a transfer only upon the defendant's stating a wish to plead guilty (or nolo contendere), hardship to the defendant is accorded consideration only for the purposes of entering a guilty plea, not to reopen the question of the defendant's readiness to proceed to enter such a plea in the transferor court.

### F. *EFFECT ON RULE 20'S REQUIREMENT THAT BOTH UNITED STATES ATTORNEYS CONSENT*

A Rule 20 transfer requires the consent of United States Attorneys in both the transferor and transferee districts. Fed.R.Crim.P. 20(a). Although not raised by the parties prior to the hearing, the Court inquired at the hearing as to whether, by opposing Torres's request for a medical examination, the Government is in effect withdrawing its consent, so that this requirement of Rule 20 is no longer satisfied. Torres suggested that the Government cannot unilaterally withdraw its consent,

and that allowing the Government to withdraw its consent would not make sense, for it would suggest that the Government could change its mind simply upon its dissatisfaction with the outcome of a Court's Rule 11 inquiries. The Government acknowledged that it had not seen any case law on this issue, but stated that in such a situation, analogous to principles of contract law, there was no meeting of the minds, so that consent could be withdrawn.

This Court has found only one case that addresses whether the Government can withdraw its consent after the transfer but prior to the guilty plea, and that case has answered the question in the negative. In *United States v. Binion,* after a Rule 20 transfer, but before any plea was entered, each of the United States Attorneys who had consented to the transfer filed a written withdrawal of his consent and filed a motion for an order directing the court clerk to return the case to the transferor court. *See* 107 F.Supp. 680, 681 (D.Nev. 1952). The Government argued that withdrawal of consent deprived the transferee court of authority to proceed with the prosecution and that the case had to be returned to the district in which the indictment had been filed. *Id.* at 681–82.

The Court, observing that no prior decision had dealt with the issue, examined the text of Rule 20 itself, as well as settled legal principles, and concluded that a United States Attorney could not affect the transfer by withdrawing consent. It noted that Rule 20 itself provides only one condition subsequent that divests a transferee court of jurisdiction: a change of plea by the defendant to one of not guilty. *Id.* at 682; *see* Fed.R.Crim.P. 20(c). "Nowhere, in the Rule itself or in the notes of the Advisory Committee, does there appear any contemplation of jurisdiction flipping about at the whim of the United States Attorneys. It would seem that such a singular change in traditional concepts of

venue if intended would have been spelled out clearly." *Id.* at 682–83. It further observed that its holding imposed upon United States Attorneys "no stricter duty to ascertain the facts before they act than is imposed upon the Courts under Rule 21." *Id.* at 683. *See also* Wright & Miller § 322 ("Jurisdiction of a court to which a case has been transferred pursuant to this rule, and to which the necessary papers were transferred, is not revoked by a subsequent withdrawal by United States attorneys of their approval.") (citing *Binion* ).

█ This Court agrees with the reasoning in *Binion.* The plain text of Rule 20 and its accompanying committee notes discuss only one way for the transfer to be void: a plea of not guilty. This Court is disinclined to impose upon the Rule a construction that would expand the ways indicated by it to void a transfer, particularly since such a policy would "englarg[e] the area of uncertainty and delay in judicial procedure." *Binion,* 107 F.Supp. at 683. Thus, the Government's opposition to Torres's request for a mental examination, while raising valid concerns as to the power of this Court to order such an exam, cannot function as a withdrawal of its consent to the Rule 20 transfer.

## G.  *JURISDICTION VERSUS VENUE*

Finally, the Court addresses the Government's argument that Torres's request for a mental examination, being tantamount to a withdrawal of a guilty plea, deprives this Court of jurisdiction over the matter. Despite the Fourth Circuit's statement that a post-Rule 20 transfer attempt by a defendant to change his plea to not guilty "instantly divests the transferee court of subject matter jurisdiction," *Khan,* 822 F.2d at 455, Rule 20 is arguably a venue rule, not a jurisdictional rule. This issue is somewhat unclear, but there

is authority for both propositions. According to the Fifth Circuit, Rule 20(a) "affects venue, not jurisdiction, because '[i]t is elementary that jurisdiction cannot be transferred by waiver or consent.'" *United States v. Sevick,* 234 F.3d 248, 251 (5th Cir.2000) (quoting *United States v. Choate,* 276 F.2d 724, 728 (5th Cir.1960)) (rejecting defendant's argument that a Rule 20(a) transfer divested the original transferor court of jurisdiction to accept a guilty plea after the transferee court rejected the transfer due to the lack of a pending superseding information to which defendant could plead guilty). The First Circuit has agreed. *See Jackson v. United States,* 489 F.2d 695, 696 (1st Cir.1974) ("The appellant contends that Rule 20 is a jurisdictional rule and that any technical non-compliance deprives a court in a district where the crime did not occur of jurisdiction. We reject this argument. Rule 20 is a venue-waiving provision."). In addition, Rule 20 is found in the Chapter of the Federal Rules of Criminal Procedure entitled "Venue." *See* Fed.R.Crim.P. ch. 5 (entitled "Venue").

On the other hand, the Fourth and Ninth Circuits have characterized Rule 20 as a jurisdictional rule. *See Khan,* 822 F.2d at 455; *United States v. Roberts,* 618 F.2d 530, 537 (9th Cir.1980) (Wyatt, J., concurring) ("The reported decisions hold or recognize that where an indictment is transferred under Rule 20, the transferor court loses jurisdiction and the transferee court acquires exclusive jurisdiction of the indictment proceeding."). Well-established treatises are also in conflict. *Compare* Wright & Miller § 323 ("After a case has been transferred under Rule 20, the transferee court has jurisdiction but only for the purpose of acceptance a plea of guilty or nolo contendere.") *with* 25 *Moore's Federal Practice* § 620.02[6] (3d ed. 2005) ("While Rule 20 allows a defendant to waive expressly the Rule 18 right to venue in the prosecution district, a de-

fendant has no similar power to affect the subject matter jurisdiction of either the transferor court or the transferee court. Every federal district court has nontransferable subject matter jurisdiction of all offenses against the United States. Venue and subject matter jurisdiction are distinct legal concepts.").

In the final analysis, the resolution of this conflict does not matter in this case, because whether Rule 20 implicates venue, jurisdiction, or both, the Court finds that its retention of the case is improper under the circumstances presented, where it is clear that the Court, by ordering a mental exam in this situation, could improperly initiate an examination of the merits of Torres's prosecution.

## II. *ORDER*

For the reasons described above, it is hereby

**ORDERED** that the request of Defendant Maria Torres ("Torres") for a mental examination is DENIED; and it is further

**ORDERED** that the case be transferred back to the Southern District of Florida; and it is finally

**ORDERED** that Clerk of Court return the papers to the Southern District of Florida.

**SO ORDERED.**