**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4359**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN FITZGERALD JACKSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   James C. Turk, Senior
District Judge.   (CR-03-40; CR-04-15)

———————

Submitted:  August 18, 2006       Decided:  September 15, 2006

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

Helen E. Phillips, Stanardsville, Virginia, for Appellant. John L.
Brownlee, United States Attorney, Jean B. Hudson, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Fitzgerald Jackson pleaded guilty in the Western District of Virginia to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, fifty grams of more of crack cocaine, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Jackson was also indicted on one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2000), by the grand jury in the Western District of Pennsylvania. This indictment was transferred to the Western District of Virginia pursuant to Fed. R. Crim. P. 20. Jackson was ultimately sentenced by the district court for the Western District of Virginia to 262 months of imprisonment on the drug conspiracy count, and a concurrent term of 180 months of imprisonment on the felon-in-possession count. Jackson timely appealed, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel states that there are no meritorious issues for appeal but suggests that Jackson's sentence is unconstitutional. In his pro se supplemental brief, Jackson raises five allegations of error in the determination of his sentence.

Upon our review of the record, we directed the parties to file supplemental briefs addressing whether Jackson in fact pleaded guilty to the count in the indictment from the Western District of

Pennsylvania. The parties have now filed second supplemental briefs, in which they agree that Jackson never pleaded guilty to the charge contained in this indictment, and that remand is required. The Government has also moved to file a supplemental appendix.

Jackson did not object to the entry of a judgment of conviction or to his sentence on the felon-in-possession count from the Western District of Pennsylvania. We therefore review the district court's failure to hold a guilty plea hearing pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Vonn, 535 U.S. 55, 58-59 (2002). The Government concedes that the district court's failure to hold a Rule 11 hearing was error that was plain and that affected Jackson's substantial rights.

The procedures governing a guilty plea provide that "[b]efore the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1); see also United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991) ("In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."). We agree that the entry of a judgment reflecting that Jackson was convicted of a crime for which he neither pleaded guilty nor received a jury trial was error that was plain, and that affected his substantial rights. Although Jackson received a concurrent sentence on the firearm count contained in the Pennsylvania

indictment, the fact of an improper conviction prejudices his substantial rights. Rutledge v. United States, 517 U.S. 292, 301-03 (1996).

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal. We therefore affirm Jackson's conviction on the drug conspiracy count contained in the indictment returned in the Western District of Virginia. We vacate Jackson's conviction on the felon-in-possession count contained in the indictment transferred from the Western District of Pennsylvania, and vacate the sentence.[*] We remand to the district court for resentencing and such other proceedings as may be appropriate. United States v. Khan, 822 F.2d 451, 454-55 (4th Cir. 1987).

We grant the Government's motion to file a supplemental joint appendix, but deny Jackson's counsel's motion to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[*]In light of this disposition, we find it unnecessary to address the allegations of sentencing error in the Anders brief or Jackson's pro se supplemental brief.