**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4071

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN FITZGERALD JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James C. Turk, Senior District Judge. (5:04-cr-30015-jct)

Submitted: July 18, 2007          Decided: August 3, 2007

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Helen E. Phillips, Stanardsville, Virginia, for Appellant. Bruce A. Pagel, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Fitzgerald Jackson pleaded guilty in the Western District of Virginia to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, fifty grams or more of crack cocaine, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Jackson was also indicted on one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2000), by the grand jury in the Western District of Pennsylvania. This indictment was transferred to the Western District of Virginia pursuant to Fed. R. Crim. P. 20. Jackson was ultimately sentenced by the district court for the Western District of Virginia to 262 months of imprisonment on the drug conspiracy count, and a concurrent term of 180 months of imprisonment on the felon-in-possession count. Because the district court had not conducted a plea hearing pursuant to Fed. R. Crim. P. 11 on the felon-in-possession charge, we affirmed Jackson's conviction on the drug conspiracy, but vacated the conviction on the felon-in-possession charge, vacated the sentence, and remanded for further proceedings. United States v. Jackson, 200 F. App'x 191 (4th Cir. 2006). On remand, Jackson pleaded guilty to the felon-in-possession charge in a Rule 11 proceeding, and the district court again sentenced him to 180 months of imprisonment to run

concurrently to the previously imposed 262-month sentence on the drug conspiracy.  Jackson timely appealed.

On appeal counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  In the <u>Anders</u> brief, counsel states that there are no meritorious issues for appeal but suggests that the district court erred in applying the Guidelines,[1] and particularly the career offender provisions, in a mandatory fashion in sentencing Jackson.  In his pro se supplemental brief, Jackson raises three allegations of error in the determination of his sentence.  In a second supplemental brief, Jackson asserts that a pending forfeiture proceeding violates the plea agreement.  We affirm.

Because Jackson did not object to the presentence report (PSR) that was adopted by the district court, this court's review of the district court's sentence is for plain error.  <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993); <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).  Under the plain error standard, Jackson must show:  (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. <u>Olano</u>, 507 U.S. at 732-34.  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation

---

[1]<u>U.S. Sentencing Guidelines Manual</u> (USSG) (2002).

of judicial proceedings."  Id. at 736 (internal quotation marks omitted).

Jackson's sentence on the drug conspiracy count was driven by his designation as a career offender.  Neither counsel nor Jackson assert any factual challenge to this determination, but argue that application of the career offender enhancement violated United States v. Booker, 543 U.S. 220 (2005).  Counsel asserts that the district court erred in applying the career offender enhancement and the Guidelines generally in a mandatory fashion without considering Jackson's history and other personal characteristics.  In United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), this court determined that, "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error" that is plain.  Id. at 216-17.  The court also concluded that, to satisfy the third prong of the plain error test, an appellant must demonstrate actual prejudice.  Id. at 217-24.  White could not satisfy this requirement, however, because he could not establish that the application of the Guidelines as mandatory had an effect on "'the district court's selection of the sentence imposed.'"  Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

In this case, Jackson asserts that the district court's comment at his first sentencing that the court was going to give him a bit of a break by sentencing him at the bottom of the Guidelines range is an indication that the court would have imposed a lesser sentence under an advisory system. This argument does not entitle Jackson to any relief. The record does not reveal any nonspeculative basis to indicate that the district court would have imposed a lesser sentence by treating the Guidelines as advisory, and Jackson cannot demonstrate that any error in sentencing him pursuant to a mandatory Guidelines scheme affected his substantial rights. The district court's comment at the first sentencing hearing that he was going to give Jackson a break by sentencing him at the bottom of the Guidelines range does not suggest that the court would have varied below that range, but rather reflects the court's exercise of discretion within that range. We conclude that this argument is without merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We have considered the arguments asserted in Jackson's pro se briefs and conclude that he is not entitled to relief.[2] We therefore affirm

---

[2]We decline to consider Jackson's assertion in his second supplemental brief that the forfeiture proceeding violates the plea agreement. This proceeding remains pending in the district court, and Jackson may assert this argument in that court. When the district court issues a final judgment, Jackson may appeal from that judgment.

Jackson's conviction and sentence.  We deny counsel's motion to withdraw from representation.  This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED